SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
MARC J. FELDMAN, Cal. Bar No. 144830
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815
E mail       pklee@sheppardmullin.com
            mfeldman@sheppardmullin.com

Attorneys for Allstate Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER,<br>LINDA B. OLIVER,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALLSTATE INSURANCE<br>COMPANY,<br>EDWARD CARRASCO, and DOES 1<br>through 10, inclusive,<br><br>        Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EDWARD CARRASCO'S MOTION TO DISMISS**<br><br>Hon. Otis D. Wright II<br><br>**Hearing:**<br>Date:     November 18, 2019<br>Time:     1:30 p.m.<br>Dept:     First Street Courthouse,<br>             Courtroom 5D<br><br>[Complaint Filed: August 13, 2019]<br>Trial Date:      None set |

SMRH:4847-3098-3846.2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   RELEVANT FACTS ALLEGED IN THE COMPLAINT ............................ 2

III.  THE COURT SHOULD DISMISS MR. CARRASCO FROM THIS
      LAWSUIT BECAUSE HE WAS ACTING IN THE SCOPE OF HIS
      EMPLOYMENT ........................................................................................ 3

IV.   THE COURT SHOULD DISMISS PLAINTIFFS' CAUSES OF
      ACTION AGAINST MR. CARRASCO BECAUSE THEY FAIL AS
      A MATTER OF LAW ................................................................................ 6

      A.    Plaintiffs' Negligence Cause of Action Fails Under Settled Law. ......... 6

      B.    Plaintiffs' IIED Cause of Action Fails Because Delay or Denial
            of Insurance Claims is not "Extreme or Outrageous" Conduct ............. 8

      C.    Plaintiffs' Elder Financial Abuse Cause of Action Cannot Be
            Asserted Against an Insurance Adjuster. ............................................. 9

      D.    Plaintiffs' Injunctive Relief Cause of Action is Not Recognized. ......... 10

V.    CONCLUSION ....................................................................................... 11

SMRH:4847-3098-3846.2

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Benavides v. State Farm Gen. Ins. Co.*
  136 Cal. App. 4th 1241 (2006)................................................................7

*Calderon v. Lowe's Home Centers*
  2015 WL 3889289 (C.D. Cal. June 24, 2015) (Wright, J.)....................6

*Coleman v. Republic Indem. Ins. Co. of California*
  132 Cal. App. 4th 403 (2005)................................................................8

*Commodity Futures Trading Comm'n v. Weintraub*
  471 U.S. 343 (1985) ............................................................................3

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.*
  24 F.3d 1099 (9th Cir. 1994)..............................................................11

*Cooper v. TriWest Healthcare Alliance Corp.*
  2013 WL 5883784 (S.D. Cal. Oct. 30, 2013).......................................8

*Dahl v. Swift Distrib., Inc.*
  2010 WL 1458957 (C.D. Cal. Apr. 1, 2010)........................................11

*Diamond v. State Farm Mut. Auto. Ins. Co.*
  2011 WL 1807331 (E.D. Cal. May 11, 2011)........................................8

*Dobbel v. Liberty Ins. Corp.*
  2018 WL 3495661 (E.D. Cal. July 20, 2018).........................................5

*Durben v. State Farm Gen. Ins. Co.*
  2016 WL 4096801 (E.D. Cal. Aug. 1, 2016) .....................................5, 6

*Feizbakhsh v. Travelers Commercial Ins. Co.*
  2016 WL 8732296 (C.D. Cal. Sept. 9, 2016)......................................4, 5

*Fitzpatrick v. Hayes*
  57 Cal. App. 4th 916 (1997).................................................................5

*Garner v. Nationwide Mut. Ins. Co.*
  2011 WL 2118845 (E.D. Cal. May 27, 2011).........................................9

*Huber v. Tower Grp., Inc.*
    881 F. Supp. 2d 1195 (E.D. Cal. 2012) ................................................... 7

*Hughes v. Pair*
    46 Cal. 4th 1035 (2009) .......................................................................... 8

*Jenkins v. MCI Telcoms. Corp.*
    973 F.Supp. 1133 (C.D. Cal. 1997) ...................................................... 10

*Kavanaugh v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*
    2019 WL 3823904 (C.D. Cal. Aug. 15, 2019) (Wright, J.) ................... 5

*Khordadian v. New York Life Ins. Co.*
    2014 WL 12705059 (C.D. Cal. June 10, 2014) ...................................... 4

*Lippert v. Bailey*
    241 Cal. App. 2d 376 (1966) .............................................................. 3, 4

*McDowell v. Watson*
    59 Cal. App. 4th 1155 (1997) ............................................................... 10

*Mercado v. Allstate Ins. Co.*
    340 F.3d 824 (9th Cir. 2003) ............................................................... 4, 6

*N. Cal. Power Agency v. Grace Geothermal Corp.*
    469 U.S. 1306 (1984) ........................................................................... 11

*Ricard v. Pacific Indemnity Co.*
    132 Cal. App. 3d 886 (1982) .................................................................. 8

*Sanchez v. Lindsey Morden Claims Servs., Inc.*
    72 Cal. App. 4th 249 (1999) ................................................................... 7

*Strawn v. Morris, Polich & Purdy, LLP*
    30 Cal. App. 5th 1087 (2019) ............................................................... 10

*Tento Int. Inc. v. State Farm Fire and Casualty Co.*
    222 F. 3d 660 (9th Cir. 2000) ................................................................. 7

*Western States Bankcard Ass'n v. City of San Francisco*
    19 Cal. 3d 208 (1977) ............................................................................. 3

*Zhang v. Safeco Ins. Co. of Am.*
    2012 WL 1895989 (N.D. Cal. May 23, 2012) ....................................... 9

Case No. 2:19-cv-08024

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EDWARD CARRASCO'S MOTION TO DISMISS

## I.   <u>INTRODUCTION</u>

Plaintiffs Alan Baker and Linda Oliver have a dispute with Allstate over what it costs to repair water damage to their house.  And even though for the past year Allstate has been paying $15,000 per month for plaintiffs to live in a rental house, plaintiffs also allege that Allstate owes them more for temporary housing.  What plaintiffs do not and cannot allege is that Allstate somehow lacks the money to pay the damages that they seek.

So why have plaintiffs dragged Allstate adjuster Edward Carrasco into this lawsuit as a defendant?  It's not because they need his modest financial wherewithal to satisfy a judgment.  It's not because they contend that Mr. Carrasco was a rogue adjuster acting on his own account, so that Allstate might not be liable for some of his alleged wrongdoing.  To the contrary, plaintiffs expressly *admit* in their Complaint that Mr. Carrasco "was acting in the course and scope of his employment" in engaging in all of the conduct at issue.  Perhaps plaintiffs named Mr. Carrasco in order to seek some type of leverage.

Regardless of the reason, however, Mr. Carrasco does not belong in this lawsuit.  The law recognizes that insurance companies, like all corporations, can only act through their human agents.  And under basic principles of agency law, it is the principal – not the agent – that is responsible for the acts of an agent that are taken within the agent's authority.  Therefore, numerous California decisions have held that when an insurance adjuster is sued for conduct taken within the scope of his agency for the insurer, the claims against the adjuster fail as a matter of law – because any liability rests with the insurer only, not its agent.  That rule applies here and bars all of the claims against Mr. Carrasco.

Additionally, even putting aside this fundamental and fatal defect of all the claims against Mr. Carrasco, plaintiffs' claims against Mr. Carrasco should be dismissed because, standing alone, each claim fails as a matter of law.

- Plaintiffs' negligence cause of action against Mr. Carrasco fails because the standard for tort liability against an insurer is bad faith, not negligence, and because an insurance adjuster owes no duty of care to an insured.

- Plaintiffs' intentional infliction of emotional distress (IIED) cause of action against Mr. Carrasco fails because, as California courts have repeatedly held, allegations of delay or denial of insurance claims do not satisfy the high standard of pleading IIED.

- Plaintiffs' financial elder abuse claim against Mr. Carrasco fails because financial elder abuse cannot be stated against an adjuster.

- Plaintiffs' injunctive relief cause of action fails because injunctive relief is not a cause of action at all.

Thus, Mr. Carrasco should be dismissed from this suit with prejudice.

## II.   RELEVANT FACTS ALLEGED IN THE COMPLAINT

In their Complaint, plaintiffs allege the following:

Plaintiffs suffered a large water leak at their house in Los Angeles. Complaint, ¶ 10. Plaintiffs made a claim to Allstate, and Allstate's employee, Mr. Carrasco, was one of the people at Allstate that worked on the claim. *Id.*, ¶ 3. Mr. Carrasco was at all times "acting in the course and scope of his employment with ALLSTATE as a 'claims adjuster' while committing the acts" that plaintiffs complain of in their Complaint. *Id.*

Allstate paid about $65,000 to remediate plaintiffs' house and paid $15,000 per month for plaintiffs to live in a rental house. *Id.*, ¶ 13. Plaintiffs and Allstate, however, could not reach an agreement regarding how much it would cost to repair plaintiffs' house. *Id.*, ¶¶ 19-23. Plaintiffs' contractor estimated it would cost $390,000, but Allstate's contractor concluded that it could repair the damage for $144,000 and would do the job for that price. *Id.*, ¶¶ 19, 20.

1    Plaintiffs chose to hire their contractor to perform the work.  But, plaintiffs

2  have asserted, Allstate and Mr. Carrasco were in some way "unreasonable in their

3  claim handling with respect to" the contractor, which caused delays to the

4  construction and diminished the quality of their contractor's work.  *Id.*, ¶¶ 21-22.

5  Allstate and Mr. Carrasco also notified plaintiffs that the policy's one-year term for

6  additional living expenses (a provision mandated by statute) would be coming to an

7  end, which plaintiffs have suggested was wrongful.  *Id.*, ¶ 26.  The situation has led

8  to "undue stress."  *Id.*, ¶ 22.

9  **III.   THE COURT SHOULD DISMISS MR. CARRASCO FROM THIS**

10  **LAWSUIT BECAUSE HE WAS ACTING IN THE SCOPE OF HIS**

11  **EMPLOYMENT**

12    Under California law, if someone acts as the agent of an insurance company,

13  and that agency is disclosed, only the insurer – not the agent – is liable for the

14  agent's acts.  The reason for this rule is simple.  Corporations can only act through

15  people, and more specifically, their agents.  *See Commodity Futures Trading*

16  *Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) ("As an inanimate entity, a

17  corporation must act through agents."); *Western States Bankcard Ass'n v. City of*

18  *San Francisco*, 19 Cal. 3d 208, 218 (1977) (explaining that "insurance corporations

19  must act through agents and can act only through agents").  So when an agent acts

20  within the scope of his agency, it is the company, and not the individual, who is

21  acting, and any recovery should accordingly come from the company.

22    This principle was first articulated in *Lippert v. Bailey*, 241 Cal. App. 2d 376

23  (1966).  There, an insured tried to hold an insurer's agents liable for negligence.

24  The court found that the agents were acting within the course of their agency,

25  holding "liability to the applicant or insured for acts or contracts of an insurance

26  agent within the scope of his agency, with a full disclosure of the principal, rests on

27  the company."  *Id.* at 382 (internal quotation marks and citation omitted).  The court

28  explained that, "[w]here an agent is duly constituted and names his principal and

-3-

1   contracts in his name and does not exceed his authority, the principal is responsible

2   *and not the agent*." *Id.* (emphasis added).  As a result, "[a] legal remedy [for the

3   agents' alleged negligence] . . . could be maintained *only* against the principal

4   [insurance company]." *Id.* at 384 (emphasis added).

5         Courts applying California law have repeatedly applied this rule to dismiss

6   insurance company agents from lawsuits.  For example, in *Mercado v. Allstate Ins.*

7   *Co.*, 340 F.3d 824 (9th Cir. 2003), just like in this case, the plaintiff sought to assert

8   tort claims against an employee of her insurer who participated in the handling of

9   her claim. *Id.* at 825.  In holding that the plaintiff could not bring claims against the

10  adjuster, the Ninth Circuit explained that "[i]t is well established that, unless an

11  agent or employee acts as a dual agent . . . she cannot be held individually liable as a

12  defendant unless she acts for her own personal advantage." *Id.* at 826.  Thus, the

13  Ninth Circuit explained, because the plaintiff's "allegations against [the employee]

14  pertain to actions she took in her capacity as an Allstate employee," the court "did

15  not err in concluding that [the individual] was a fraudulently named defendant." *Id.*

16        The recent decisions in *Khordadian v. New York Life Ins. Co.*, 2014 WL

17  12705059 (C.D. Cal. June 10, 2014) and in *Feizbakhsh v. Travelers Commercial*

18  *Ins. Co.*, 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) reached the same conclusion.

19  In addition to breach of contract and bad faith causes of action against the plaintiffs'

20  insurers, the cases also involved additional causes of action against the insurers'

21  employees who handled the insurance claims. *Khordadian*, 2014 WL 12705059, *1

22  (intentional misrepresentation and intentional infliction of emotional distress);

23  *Feizbakhsh*, 2016 WL 8732296, *1 (negligent misrepresentation).  In both cases, the

24  courts relied on a long string of cases holding that such claims against an insurer's

25  employees cannot be maintained, and therefore held that the employees had been

26  improperly added as defendants. *Khordadian*, 2014 WL 12705059, at *3 ("Many

27  district courts have held that insurance agents named as defendants in claims by

28  insureds for fraud, misrepresentation, and other torts were fraudulently joined when

-4-

Case No. 2:19-cv-08024

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EDWARD CARRASCO'S MOTION TO DISMISS

1  the alleged misconduct of the agents was within the scope of their role as agents.");

2  *Feizbakhsh*, 2016 WL 8732296, at *4 (granting motion to dismiss insurance agents

3  and explaining that "[o]ther district courts . . . have concluded that the agents were

4  fraudulently joined when their alleged misconduct concerned actions within the

5  scope of their work for the insurer."); *see also Dobbel v. Liberty Ins. Corp*., 2018

6  WL 3495661, at *4 (E.D. Cal. July 20, 2018) ("[N]othing in the FAC suggests that

7  Shaffer acted outside the scope of her employment, as a dual agent, or for her own

8  personal benefit.  As a result, she is an improper defendant in this action.").

9      This Court's recent decision in *Kavanaugh v. Nat'l Union Fire Ins. Co. of

10  Pittsburgh, PA*, 2019 WL 3823904 (C.D. Cal. Aug. 15, 2019) (Wright, J.) also

11  recognized the principle that "[i]n California, where the agent contracts in the name

12  of the insurer and does not exceed that authority, the insurer is liable, *and not the

13  agent*."  *Id.* at *2 (emphasis added; internal brackets and quotation marks omitted).

14  *Kavanaugh*, however, involved a negligence claim against an insurance *sales

15  agent/broker*, not a claims adjuster like Mr. Carrasco.  A sales agent can be "dual

16  agent," an agent of both the insurer and insured, and a dual agent can be personally

17  liable.  *See Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1997).  So because the

18  plaintiff in *Kavanaugh* alleged that the sales agent "was acting as a dual agent," the

19  Court ruled that a claim could be stated against him.  *Kavanaugh*, 2019 WL

20  3823904, *3.

21      Here, in contrast, plaintiffs do not and cannot allege that Mr. Carrasco was a

22  sales agent; he was an adjuster.  Complaint, ¶ 3.  They do not and cannot allege that

23  he was a dual agent.  In fact, plaintiffs admitted that Mr. Carrasco was *always* acting

24  within his scope of employment with Allstate.  *Id.*  This is critical.  As the court

25  explained in *Durben v. State Farm Gen. Ins. Co*., 2016 WL 4096801 (E.D. Cal.

26  Aug. 1, 2016), "Plaintiffs' failure to allege that [the insurance agent] acted outside

27  the course and scope of her employment—either as a dual agent or for her own

28  personal benefit—entitles her to dismissal from this action."  *Id.*, at *3.  Moreover,

-5-

Case No. 2:19-cv-08024

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EDWARD CARRASCO'S MOTION TO DISMISS

1    the court held, "[t]heir clear allegation that she acted within the scope of her

2    employment *would make any attempt at amending their claims against her futile*."

3    *Id.* (emphasis added).

4           In sum, just as the Ninth Circuit held in *Mercado*, because plaintiff's

5    allegations against Mr. Carrasco "pertain to actions [he] took in [his] capacity as an

6    Allstate employee," plaintiffs cannot state any claim against Mr. Carrasco.  340 F.3d

7    at 826.  Therefore, all claims against him should be dismissed.

8           Of course, this result not only comports with the law, it also does nothing to

9    harm plaintiffs.  As this Court recognized in *Calderon v. Lowe's Home Centers*,

10   2015 WL 3889289 (C.D. Cal. June 24, 2015) (Wright, J.), plaintiffs' dispute is with

11   Allstate, and "it would be [Allstate], the deep-pocket employer, who will be

12   ultimately responsible for any damages under the doctrine of *respondeat superior*."

13   *Id.* at \*4 (denying motion to remand and dismissing company's employee from the

14   case).

15   **IV.   THE COURT SHOULD DISMISS PLAINTIFFS' CAUSES OF**

16   **ACTION AGAINST MR. CARRASCO BECAUSE THEY FAIL AS A**

17   **MATTER OF LAW**

18          While the Court need not reach the issue in light of plaintiffs' admission that

19   Mr. Carrasco was acting in the scope of his employment, plaintiffs' claims against

20   Mr. Carrasco should also be dismissed because each fails as a matter of law.  As

21   discussed in further detail in Allstate's accompanying motion to dismiss, the four

22   causes of action plaintiffs have asserted against Mr. Carrasco should be dismissed

23   because they have no merit.  That conclusion is even more stark here, however, in

24   light of authority evaluating these causes of action in the specific context where they

25   were brought against an insurance adjuster, and dismissed by courts.

26          **A.    Plaintiffs' Negligence Cause of Action Fails Under Settled Law.**

27          As discussed in Allstate's accompanying motion to dismiss, California courts

28   have repeatedly held that an insurer's tort liability for improper claim handling must

-6-

Case No. 2:19-cv-08024

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EDWARD CARRASCO'S MOTION TO DISMISS

1  be based on bad faith, not negligence, and negligence is not a recognized cause of

2  action for complaints arising out of an insurance contract. *See, e.g. Benavides v.*

3  *State Farm Gen. Ins. Co*., 136 Cal. App. 4th 1241, 1252 (2006) ("Plaintiff's

4  negligence claim does not fall within the circumstances identified by the California

5  Supreme Court which allow a contract based cause of action to be pursued as a tort

6  claim."); *Tento Int. Inc. v. State Farm Fire and Casualty Co.*, 222 F. 3d 660, 664

7  (9th Cir. 2000) ("[I]n California, 'negligence is not among the theories of recovery

8  generally available against insurers.'").

9       Moreover, plaintiffs' negligence cause of action against Mr. Carrasco should

10  also be rejected for the additional reason that an insurance adjuster does not owe a

11  duty of care to the insured. *Huber v. Tower Grp., Inc*., 881 F. Supp. 2d 1195, 1200

12  (E.D. Cal. 2012) (citing *Sanchez v. Lindsey Morden Claims Servs., Inc*., 72 Cal.

13  App. 4th 249, 802 (1999)). Relying on *Sanchez, Huber* explained that there were

14  four reasons for this rule. 881 F. Supp. 2d at 1200. *First*, "the adjuster is subject to

15  the control of its principal, the insurer," and "it is the principal that ultimately

16  decides coverage issues." *Id.* Thus, the court explained, "any injury to the insured

17  is primarily attributable to the principal's actions." *Id. Second*, "the insurer may

18  limit its exposure to the insured, but the adjuster does not have any contractual

19  ability to do so," and as a result, "[i]mposing a duty on the adjuster would therefore

20  expose it to greater liability than the principal." *Id. Third*, "the adjuster owes a duty

21  of loyalty to its principal and imposing an additional duty to the insured would

22  create conflicting obligations that would interfere with the adjuster's faithful

23  performance of its duty toward the principal." *Id. Fourth*, "the goal of deterring

24  negligent conduct would not be significantly advanced by imposing a duty because

25  adjusters are already deterred by the fact that the principal who hired them can seek

26  indemnity from the adjuster for negligent conduct." *Id.* Thus, just like in *Huber* and

27  *Sanchez*, plaintiffs' negligence cause of action against Mr. Carrasco fails for the

28  additional reason that Mr. Carrasco's duty was to Allstate, not to plaintiffs.

**B.      Plaintiffs' IIED Cause of Action Fails Because Delay or Denial of Insurance Claims is not "Extreme or Outrageous" Conduct**

Plaintiffs face a "high bar" in asserting an IIED cause of action.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).  They must establish conduct "so extreme and outrageous that it exceeds all bounds of that usually tolerated in a civilized community."  *Id.* (internal quotation marks omitted).  In light of this "high bar," California courts have made clear that "delay or denial of insurance claims is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress."  *Coleman v. Republic Indem. Ins. Co. of California*, 132 Cal. App. 4th 403, 417 (2005).  Thus, in *Coleman*, the insurance adjuster allegedly misled the claimants as to the applicable statute of limitations and advised them not to obtain the services of an attorney, but applying the high IIED standard, the court held that even these acts did not constitute the type of outrageous conduct that would support a cause of action for IIED.  *Id.*; *see also Cooper v. TriWest Healthcare Alliance Corp.*, 2013 WL 5883784 (S.D. Cal. Oct. 30, 2013) (granting motion to dismiss without leave to amend, and explaining that "[m]ere denial or delay of insurance benefits does not constitute outrageous conduct sufficient to support an IIED claim."); *Diamond v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1807331 (E.D. Cal. May 11, 2011) *recommendation adopted*, 2011 WL 2946363 (E.D. Cal. July 21, 2011) ("Even assuming arguendo that both defendants should have promptly paid plaintiff for his loss under their policies, and that defendant CSE failed to properly investigate plaintiff's claim, plaintiff's cause of action for intentional infliction of emotional distress would still fail, since neither defendant engaged in conduct that could conceivably be characterized as extreme or outrageous."); *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886, 889-94 (1982) (conduct not outrageous where insurer denied plaintiff's claim and accused plaintiff of "trying to put something over on" the insurer).

1    Applying this standard, courts have also specifically dismissed IIED claims

2    asserted against insurance adjusters.  *Zhang v. Safeco Ins. Co. of Am.*, 2012 WL

3    1895989 (N.D. Cal. May 23, 2012) is illustrative.  Similar to this case, *Zhang*

4    involved allegations that the plaintiff's house was damaged, that an insurer and its

5    adjuster knowingly offered too little to repair the damage, and that the plaintiff

6    suffered IIED as a result.  *Id.* *1.  Indeed, the allegations in *Zhang* were even more

7    serious than those at issue here because the plaintiff alleged that the insurer and the

8    adjuster knew that the low offer would potentially cause the plaintiff to lose her

9    home and suffer emotional distress, but nonetheless proceeded with it.  *Id*.  After

10   noting the high bar imposed when asserting an IIED cause of action, and the

11   California authority making clear that "delay or denial of insurance claims is not

12   sufficiently outrageous to state a cause of action for IIED," the court agreed that

13   plaintiffs could not assert a viable cause of action against the adjuster.  *Id.* at *3; *cf.*

14   *Garner v. Nationwide Mut. Ins. Co*., 2011 WL 2118845, *7 (E.D. Cal. May 27,

15   2011) (denying leave to amend complaint to add IIED claim against adjuster

16   because claim delay, claim denial, and use of "deceptive practices" in adjusting a

17   claim did not amount to IIED).

18       *Zhang* applies with equal force here.  Just like the IIED cause of action

19   asserted against the adjuster in *Zhang*, plaintiffs' IIED cause of action against Mr.

20   Carrasco fails as a matter of law because the type of insurance dispute at issue here

21   simply could not give rise to "extreme and outrageous" conduct.  Thus, just like in

22   *Zhang*, plaintiffs' IIED cause of action against Mr. Carrasco is improper, and it

23   should therefore be dismissed.

24   **C.    Plaintiffs' Elder Financial Abuse Cause of Action Cannot Be**

25   **Asserted Against an Insurance Adjuster.**

26       A recent decision from the California Court of Appeal confirms that an elder

27   financial abuse cause of action cannot be asserted against an insurance adjuster

28   acting in the scope of his employment, like plaintiffs have admitted Mr. Carrasco

-9-                          Case No. 2:19-cv-08024

was here. *Strawn v. Morris, Polich & Purdy, LLP*, 30 Cal. App. 5th 1087, 1102-03 (2019). As *Strawn* explained, agents of insurance companies, including insurance adjusters and attorneys, cannot not be held liable for breach of the covenant of good faith and fair dealing in an insurance contract. *Id.* at 1101. The defendant in *Strawn* argued that an elder financial abuse claim also could not be asserted against insurers' agents, because any other result would allow plaintiffs to improperly avoid this rule. *Id.* The Court of Appeal in *Strawn* found this argument "well-taken." *Id.* at 1102. Thus, agreeing that allowing an elder financial abuse cause of action to stand against an insurer's agent would create an improper end run around well settled limits on agents' liability, and emphasizing that the plaintiffs had not alleged that the defendant was acting outside of the scope of its agency relationship with the insurer, the court affirmed the trial court's dismissal of the elder financial abuse cause of action. *Id.* at 1102-03.

Strawn compels the dismissal of plaintiffs' elder abuse claims against Mr. Carrasco. Importantly based on *Strawn*, plaintiffs have admitted that Mr. Carrasco was acting in the scope of his employment at all relevant times. *Id.*; Complaint, ¶ 3. And like in *Strawn*, allowing plaintiffs' elder abuse cause of action to go forward against Mr. Carrasco "would impose liability where [California law has] held there could be none." *Strawn*, 30 Cal. App. 5th at 1102 (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566 (1973). Thus, based on the reasoning of *Strawn*, the Court should dismiss plaintiffs' elder financial abuse cause of action against Mr. Carrasco.

### D.     Plaintiffs' Injunctive Relief Cause of Action is Not Recognized.

It is well-settled that a cause of action for "injunctive relief" does not exist. *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (citations omitted); *see also Jenkins v. MCI Telcoms. Corp.*, 973 F.Supp. 1133, 1139, n.10 (C.D. Cal. 1997) ( "declaratory relief, and injunctive relief are not causes of action. They are remedies . . . Therefore, they need not be addressed by this Court"). As discussed in Allstate's

-10-

1   accompanying motion to dismiss, this alone is reason to dismiss plaintiffs'
2   injunctive relief cause of action.  In addition, injunctive relief is also unavailable in
3   this case because money damages would provide an adequate legal remedy.  *N. Cal.*
4   *Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984) ("A party
5   seeking an injunction from a federal court must invariably show that it does not have
6   an adequate remedy at law."); *Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d
7   1099, 1104 (9th Cir. 1994).  Because a payment to plaintiffs would fully compensate
8   them for any harm that they have suffered – including any additional monies needed
9   to cover restoration, and any additional amount needed to cover their rent payments
10  – they cannot obtain injunctive relief.  *Dahl v. Swift Distrib., Inc.*, 2010 WL
11  1458957, at *11 (C.D. Cal. Apr. 1, 2010).  Thus, for both of these independent
12  reasons, plaintiffs' injunctive relief cause of action should be dismissed.

13  **V.    CONCLUSION**

14          As set forth above, this is a dispute between plaintiffs and Allstate.  Mr.
15  Carrasco never should have been named as a defendant in this case.  This motion to
16  dismiss should therefore be granted.

17

18  Dated:  September 24, 2019

19                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

20

21

22          By    _____
                          *s/ Marc J. Feldman*
23                          MARC J. FELDMAN

24                  Attorneys for Allstate Insurance Company

25

26

27

28

-11-

SMRH:4847-3098-3846.2