1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
2 | PETER H. KLEE, Cal. Bar No. 111707
3 | MARC J. FELDMAN, Cal. Bar No. 144830
501 West Broadway, 19th Floor
4 | San Diego, California 92101-3598
Telephone:  619.338.6500
5 | Facsimile:   619.234.3815
E mail        pklee@sheppardmullin.com
6 |              mfeldman@sheppardmullin.com

7 | Attorneys for Allstate Insurance Company

8 |                UNITED STATES DISTRICT COURT

9 |                CENTRAL DISTRICT OF CALIFORNIA

10 |

| | |
|---|---|
| 11 ALAN BAKER,<br>LINDA B. OLIVER, | Case No. 2:19-cv-08024-ODW-JC |
| 12             Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION** |
| 13       v. | |
| 14 ALLSTATE INSURANCE COMPANY,<br>EDWARD CARRASCO, and DOES 1 | Hon. Otis D. Wright II |
| 16 through 10, inclusive, | |
| 17             Defendants. | **Hearing:**<br>Date:        November 18, 2019<br>Time:        1:30 p.m.<br>Dept:        First Street Courthouse,<br>                Courtroom 5D |
| 18 | |
| 19 | |
| 20 | [Complaint Filed: August 13, 2019]<br>Trial Date:        None set |
| 21 | |

22 |
23 |
24 |
25 |
26 |
27 |
28 |

Case No. 2:19-cv-08024

SMRH:4818-0078-2758.1        MEMO OF POINTS AND AUTHORITIES ISO ALLSTATE'S MOTION TO DISMISS
PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................. 1

II.    RELEVANT FACTS ALLEGED IN THE COMPLAINT ............................ 2

III.   THE COURT SHOULD DISMISS PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION AGAINST ALLSTATE ...................................................................................... 3

    A.   Plaintiffs' Third Cause of Action for Negligence Fails Under Settled California Law. ............................................................. 3

    B.   Plaintiffs' Fourth Cause of Action for IIED Fails to Set Forth a Cognizable Claim. ................................................................. 4

        1.   Plaintiffs Do Not Allege Extreme and Outrageous Conduct. .......................................................................... 4

        2.   Plaintiffs Do Not Allege Severe Emotional Suffering. ............... 7

    C.   Plaintiffs' Fifth Cause of Action Under California Business and Professions Code section 17200 Should Be Dismissed Because Plaintiffs Have Adequate Remedies at Law. ......................................... 8

    D.   Plaintiffs' Sixth Cause of Action Fails to State a Claim for Elder Financial Abuse. ................................................................. 10

        1.   Plaintiffs Don't Allege Facts Sufficient to Establish Elder Abuse. ......................................................................... 12

        2.   Plaintiffs' Insurance Dispute is Not the Type That Should Give Rise to a Financial Abuse of an Elder Claim. .................... 12

    E.   Plaintiffs' Seventh Cause of Action for Injunctive Relief is Not a Recognized Cause of Action. ................................................. 13

IV.   CONCLUSION ................................................................................ 14

SMRH:4818-0078-2758.1

MEMO OF POINTS AND AUTHORITIES ISO ALLSTATE'S MOTION TO DISMISS PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

1

## TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

*Bekeredjian v. Allstate Ins. Co.*

5     2015 WL 12778413 (C.D. Cal. Aug. 24, 2015) ....................................................... 9

6

*Benavides v. State Farm Gen. Ins. Co.*
      136 Cal. App. 4th 1241 (2006) ................................................................................. 4

7

8

*Bogard v. Employers Casualty Co.*
      164 Cal. App. 3d 602 (1985) ..................................................................................... 7

9

*Brown v. Guarantee Insurance Co.*

10    155 Cal. App. 2d 679 (1957) ..................................................................................... 3

11

*Canales v. Federal Home Loan Mortg. Corp.*

12    2011 WL 3320478 (C.D. Cal. Aug. 1, 2011) .......................................................... 13

13

*Cochran v. Cochran*

14    65 Cal. App. 4th 488 (1998) ...................................................................................... 5

15

*Coleman v. Republic Indem. Ins. Co. of California*

16    132 Cal.App.4th 403 (2005) ...................................................................................... 6

17

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.*

18    24 F.3d 1099 (9th Cir. 1994) .................................................................................... 14

19

*Cooper v. TriWest Healthcare Alliance Corp.*
      2013 WL 5883784 (S.D. Cal. Oct. 30, 2013) ........................................................... 6

20

21

*Dahl v. Swift Distrib., Inc.*
      2010 WL 1458957 (C.D. Cal. Apr. 1, 2010) ........................................................... 14

22

*Diamond v. State Farm Mut. Auto. Ins. Co.*

23    2011 WL 1807331 (E.D. Cal. May 11, 2011) ........................................................... 7

24

*Dobbel v. Liberty Ins. Corp.*, 2018 WL 3495661, at *5

25    (E.D. Cal. July 20, 2018) ........................................................................................ 10

26

*Everett Assocs., Inc. v. Transcontinental Ins. Co.*

27    35 Fed. Appx. 450 (9th Cir. 2002) ............................................................................ 4

28

-ii-

*Fowler v. Varian Assoc., Inc.*
196 Cal. App. 3d 34 (1987) ...................................................................... 5

*Gardner v. Safeco Ins. Co. of Am.*
2014 WL 2568895 (N.D. Cal. June 6, 2014) ........................................... 9

*Girard v. Ball*
125 Cal. App. 3d 772 (1981) .................................................................... 8

*Hughes v. Pair*
46 Cal. 4th 1035 (2009) ...................................................................... 4, 8

*Isaacson v. California Ins. Guarantee Assn.*
44 Cal. 3d 775 (1998) .............................................................................. 6

*Ivy v. Pacific Automobile Ins. Co.*
156 Cal. App. 2d 652 (1958) .................................................................... 3

*Jenkins v. MCI Telcoms. Corp.*
973 F.Supp. 1133 (C.D. Cal. 1997) ...................................................... 13

*Johnston v. Allstate Ins. Co.*
2013 WL 2285361 (S.D. Cal. May 23, 2013) ................................... 12, 13

*Kelly v. General Telephone Co.*
136 Cal. App. 3d 278 (1982) .................................................................... 8

*Keshish v. Allstate Ins. Co.*
959 F. Supp. 2d 1226 (C.D. Cal. 2013) ................................................ 13

*Knox v. Phoenix Leasing, Inc.*
29 Cal. App. 4th 1357 (1994) .................................................................. 9

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal.4th 1134 (2003) ............................................................................ 9

*McDowell v. Watson*
59 Cal. App. 4th 1155 (1997) ................................................................ 13

*McKenna v. Permanente Med. Grp., Inc.*
894 F. Supp. 2d 1258 (E.D. Cal. 2012) .................................................. 8

*Mercer v. State Farm Mutual Auto Insurance Co.*
2011 WL 8106473 (Los Angeles Superior Court, Aug. 11, 2011) .................... 12

SMRH:4818-0078-2758.1
MEMO OF POINTS AND AUTHORITIES ISO ALLSTATE'S MOTION TO DISMISS
PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

*Michaelian v. State Comp. Ins. Fund*
    50 Cal. App. 4th 1093 (1996) ............................................................... 7

*Minniti v. TRW*
    1987 WL 61560 (C.D. Cal. Apr. 27, 1987) ......................................... 5

*Mintz v. Blue Cross of California*
    172 Cal. App. 4th 1594 (2009) ............................................................ 6

*Moss v. Infinity Ins. Co.*
    197 F.Supp.3d 1191 (N.D. Cal. 2016) ................................................ 9

*N. Cal. Power Agency v. Grace Geothermal Corp.*
    469 U.S. 1306 (1984) ................................................................... 9, 14

*Negrete v. Fid. & Guar. Life Ins. Co.*
    444 F. Supp. 2d 998 (C.D. Cal. 2006) ............................................... 11

*O'Brien v. Cont'l Cas. Co.*
    2013 WL 4396761 (N.D. Cal. Aug. 13, 2013) ....................... 10, 12, 13

*Pierce v. Santa Maria Joint Union High Sch. Dist.*
    2012 WL 12920841 (C.D. Cal. Sept. 28, 2012), aff'd, 612 F. App'x
    897 (9th Cir. 2015) ............................................................................. 5

*Prudential Home Mortgage Co. v. Superior Court*
    66 Cal. App. 4th 1236 (1998) ............................................................ 9

*Ricard v. Pacific Indem. Co.*
    132 Cal. App. 3d 886 (1983) ........................................................... 5, 6

*Rubin v. Green*
    4 Cal. 4th 1187 (1993) ..................................................................... 10

*Sanchez v. Lindsey Morden Claims Services, Inc.*
    72 Cal. App. 4th 249 (1999) ............................................................... 4

*Schlauch v. Hartford Acc. & Indem. Co.*
    146 Cal. App. 3d 926 (1983) ........................................................... 5, 6

*Soto v. Royal Globe Ins. Co.*
    184 Cal. App. 3d 420 (1986) .............................................................. 3

*Stewart v. Life Ins. Co. of N.A.*
    388 F.Supp.2d 1138 (E.D. Cal. 2005) ............................................... 9

*Tento Int. Inc. v. State Farm Fire and Casualty Co.*
    222 F. 3d 660 (9th Cir. 2000) .................................................................... 4

*Wood v. Jamison*
    167 Cal. App. 4th 156 (2008) .............................................................. 11

*Zimmer v. Nawabi*
    566 F. Supp. 2d 1025 (E.D. Cal. 2008) ............................................... 11

<u>Statutes</u>

Cal. Bus. & Prof. Code § 17200 et seq. ........................................ 1, 8, 9, 10

Cal. Welf. & Inst. Code § 15610.27 ................................................... 12

Cal. Welf. & Inst. Code § 15610.30(a) ............................................... 10

SMRH:4818-0078-2758.1

MEMO OF POINTS AND AUTHORITIES ISO ALLSTATE'S MOTION TO DISMISS
PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

# I.   <u>INTRODUCTION</u>

This case arises from a disagreement between plaintiffs Alan Baker and Linda Oliver and Allstate over what it costs to repair water damage to plaintiffs' house. Plaintiffs contend that their contractor's bid is correct. Allstate believes that plaintiffs' bid is inflated, and points out that another qualified contractor will do the job for less than half the price. Instead of presenting this case as the simple contractual dispute that it is, however, plaintiffs have taken a "kitchen-sink" approach to pleading. As explained in this motion, plaintiffs have added five causes of action that fail as a matter of law. And as addressed in a separate motion, plaintiffs have also improperly and unnecessarily dragged an Allstate adjuster in to this case as a defendant, even though they have *admitted* he was simply acting in the scope of his employment at Allstate when he was adjusting plaintiffs' insurance claim.

The following claims fail as a matter of law:

- Plaintiffs' third cause of action for negligence fails because the standard for tort liability against an insurer is bad faith, not negligence.

- Plaintiffs' fourth cause of action for intentional infliction of emotional distress (IIED) fails because, as California courts have repeatedly held, allegations of delay or denial of an insurance claim do not satisfy the high standard of pleading an IIED claim – allegations of conduct so "extreme and outrageous so as not to be tolerated in a civilized community."

- Plaintiffs' fifth cause of action under California Business and Professions Code section 17200 fails because that statute provides for equitable relief only, and plaintiffs' breach of contract and bad faith claims give them adequate remedies at law.

- Plaintiffs' sixth cause of action for financial elder abuse fails because: (i) plaintiffs do not adequately allege that they are elders, and (ii) the

1   financial elder abuse statute applies to conduct designed to con elders

2   out of money, not to garden variety disputes over the cost of an

3   insurance claim.

4   •   Plaintiffs' seventh cause of action for injunctive relief fails because

5   injunctive relief is not a cause of action at all.

6   Because these causes of action against Allstate fail as a matter of settled law,

7   they should be dismissed with prejudice.

8   ## II.   RELEVANT FACTS ALLEGED IN THE COMPLAINT

9   In their Complaint, plaintiffs allege the following:

10   Plaintiffs suffered a large water leak at their house in Los Angeles.

11   Complaint, ¶ 10.  Plaintiffs made a claim to Allstate, which then paid about $65,000

12   to remediate plaintiffs' house and paid $15,000 per month for plaintiffs to live in a

13   rental house.  *Id.*, ¶ 13.

14   Plaintiffs and Allstate, however, could not reach an agreement regarding how

15   much it would cost to repair plaintiffs' house.  *Id.*, ¶¶ 19-23.  Plaintiffs' contractor

16   estimated it would cost $390,000, but Allstate's contractor concluded that it could

17   repair the damage for $144,000, a number that plaintiffs label as "lowball" and not

18   credible.  *Id.*, ¶¶ 19, 20, 22.  (Plaintiffs, however, do not explain why the second

19   contractor represented it would do the work for $144,000 if the number was not

20   credible).

21   Plaintiffs chose to hire their contractor to perform the work.  But, plaintiffs

22   have asserted, Allstate and its adjuster, Edward Carrasco, were in some unspecified

23   way "unreasonable in their claim handling with respect to" the contractor, which

24   caused delays to the construction and diminished the quality of their contractor's

25   work.  *Id.*, ¶¶ 21-22.  Allstate also notified them that the policy's one-year term for

26   additional living expenses (a provision mandated by statute) would be coming to an

27   end.  *Id.*, ¶ 26.  The situation has led to "undue stress."  *Id.*, ¶ 22.

28

1    In sum, plaintiffs assert a garden variety dispute over an insurance claim.

2    They allege that their insurer should pay them more, should pay them faster, and

3    that the disagreement had caused them some damages and stress.

4    **III.    THE COURT SHOULD DISMISS PLAINTIFFS' THIRD, FOURTH,**

5    **FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION AGAINST**

6    **ALLSTATE**

7    **A.    Plaintiffs' Third Cause of Action for Negligence Fails Under**

8    **Settled California Law.**

9    Outside the insurance context, failure to perform a contract generally gives

10   rise to contract damages only.  California, however, has created a special rule that

11   allows an insured to recover not only in contract, but also in tort, if the insurer acts

12   in bad faith.  The law, however, does not impose tort liability on an insurer for

13   conduct that is merely negligent.  As explained more than 50 years ago in *Brown v.*

14   *Guarantee Insurance Co.*, 155 Cal. App. 2d 679 (1957):  "Only bad faith should be

15   the basis for an insured's cause of action.  Bad faith may involve negligence, or

16   negligence may be indicative of bad faith, but *negligence alone is insufficient to*

17   *render the insurer liable.*"  *Id.* at 689 (emphasis added.)

18   Therefore, over the ensuing decades, California courts have repeatedly held

19   that an insurer's tort liability for improper claim handling must be based on bad

20   faith, not negligence:

21   •    *Ivy v. Pacific Automobile Ins. Co.*, 156 Cal. App. 2d 652, 659 (1958)

22        ("California has recently aligned itself with jurisdictions that apply the

23        bad faith test" in determining liability of an insurance company);

24   •    *Soto v. Royal Globe Ins. Co.*, 184 Cal. App. 3d 420, 434 (1986)

25        (rejecting "a cause of action for recovery of damages for emotional

26        distress based on garden-variety negligence concepts");

27

28

- *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, 254 (1999) (explaining that "negligence is not among the theories generally available against insurers");

- *Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1252 (2006) ("Plaintiff's negligence claim does not fall within the circumstances identified by the California Supreme Court which allow a contract based cause of action to be pursued as a tort claim.");

- *Tento Int. Inc. v. State Farm Fire and Casualty Co.*, 222 F. 3d 660, 664 (9th Cir. 2000) ("[I]n California, 'negligence is not among the theories of recovery generally available against insurers.'");

- *Everett Assocs., Inc. v. Transcontinental Ins. Co.*, 35 Fed. Appx. 450, 452 (9th Cir. 2002) (affirming dismissal of plaintiffs' claim against insurer for negligent investigation and claim handling under California law, holding: "[N]o such . . . cause of action is available.").

Here, plaintiffs' Complaint already includes a cause of action against Allstate for bad faith. Plaintiffs may not circumvent the standards for proving bad faith by alleging an improper claim for negligence against Allstate arising out of its adjustment of plaintiffs' claim. *Id.* Therefore, the third cause of action should be dismissed.

**B.      Plaintiffs' Fourth Cause of Action for IIED Fails to Set Forth a Cognizable Claim.**

1.      <u>Plaintiffs Do Not Allege Extreme and Outrageous Conduct.</u>

To protect courts from being flooded with suits claiming distress from every perceived slight, California law imposes strict standards for pleading a cause of action for IIED. To state a cause of action for IIED, a plaintiff must first allege conduct "so extreme and outrageous that it exceeds all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)).

Whether conduct is "outrageous" is a question of law for the court:  "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."  *Pierce v. Santa Maria Joint Union High Sch. Dist.*, 2012 WL 12920841, at *4 (C.D. Cal. Sept. 28, 2012), aff'd, 612 F. App'x 897 (9th Cir. 2015) (brackets omitted); *Fowler v. Varian Assoc., Inc.*, 196 Cal. App. 3d 34, 44 (1987).  Therefore, courts routinely decide at the motion to dismiss stage whether a defendant's alleged conduct was sufficiently outrageous to state a cause of action.  *See, e.g., Pierce*, 2012 WL 12920841, at *5 (granting motion to dismiss IIED claim); *Minniti v. TRW*, 1987 WL 61560, at *3 (C.D. Cal. Apr. 27, 1987) (granting motion to dismiss IIED claim and explaining "[a]lthough the alleged actions of TRW may be unreasonable and objectionable, they are not 'such a great departure from everyday life as to cause defendants to realize that such conduct might cause mental distress.'"); *see also Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998) (demurrer sustained as to intentional infliction of emotional distress claim); *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983) (same); *Ricard v. Pacific Indem. Co.*, 132 Cal. App. 3d 886, 894-95 (1983) (same).

More specifically, in cases involving insurance companies, courts have repeatedly held that allegations that an insurer acted improperly in denying, failing to properly investigate, or failing to settle an insurance claim do not rise to the level of "extreme and outrageous" conduct.

For example, in *Ricard*, the plaintiff alleged that the insurer wrongfully refused to pay his medical claim, refused to properly investigate or process the claim, and made intentionally false statements to him.  *Ricard*, 132 Cal. App. 3d at 888-89.  The plaintiff also alleged that the insurer's conduct was intentional, willful, malicious, outrageous, and "done with the intent, or in reckless disregard of the probability, of causing severe emotional distress to plaintiff."  *Id.* at 890.  Despite these allegations, the Court of Appeal affirmed the judgment sustaining the

1    defendant's demurrer, holding that the insurer's alleged acts did not rise to the level

2    of "conduct so extreme as to exceed all bounds of that usually tolerated in a

3    civilized community." *Id*. at 890

4         Similarly, in *Schlauch*, the plaintiff was severely injured in an accident and

5    alleged that the insurer refused to tender the policy limits, even though liability was

6    clear and the damages far exceeded the limits.  He also alleged that the insurer

7    "acted outrageously and with the intention of inflicting severe emotional distress"

8    by misrepresenting pertinent facts, failing to acknowledge and act reasonably

9    promptly upon communications about the claim, failing to confirm or deny coverage

10   within a reasonable time, and not attempting in good faith to effectuate a prompt and

11   fair settlement.  *Schlauch*, 146 Cal. App. 3d at 930-31.  The Court of Appeal,

12   however, affirmed the judgment granting the defendant's demurrer, holding as a

13   matter of law that the alleged misconduct "[did] not in itself constitute the type of

14   outrageous conduct which [would] support a cause of action for intentional

15   infliction of emotional distress." *Id*. at 936.

16        In fact, courts have repeatedly ruled that allegations that had even more

17   factual support than plaintiffs' were insufficient to state a claim for IIED.  *See,*

18   *e.g.*, *Isaacson v. California Ins. Guarantee Assn.*, 44 Cal. 3d 775, 788-89 (1998)

19   (allegation that insurer refused to accept reasonable settlement offer failed to allege

20   extreme conduct); *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1609

21   (2009) (allegation that health insurance company denied benefits for an

22   experimental treatment to a terminally ill patient and failed to advise insured of right

23   to independent review of the denial failed to state claim for intentional infliction of

24   emotional distress); *Coleman v. Republic Indem. Ins. Co. of California*, 132 Cal.

25   App. 4th 403, 417 (2005) ("California courts have held that delay or denial

26   of insurance claims is not sufficiently outrageous to state a cause of action for

27   intentional infliction of emotional distress"); *Cooper v. TriWest Healthcare Alliance*

28   *Corp.*, 2013 WL 5883784 (S.D. Cal. Oct. 30, 2013) (granting motion to dismiss

-6-

without leave to amend, and explaining that "[m]ere denial or delay of insurance benefits does not constitute outrageous conduct sufficient to support an IIED claim."); *Diamond v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1807331 (E.D. Cal. May 11, 2011) *recommendation adopted*, 2011 WL 2946363 (E.D. Cal. July 21, 2011) ("[P]laintiff, State Farm and CSE were merely engaged in a dispute over plaintiff's loss claims.  Even assuming arguendo that both defendants should have promptly paid plaintiff for his loss under their policies, and that defendant CSE failed to properly investigate plaintiff's claim, plaintiff's cause of action for intentional infliction of emotional distress would still fail, since neither defendant engaged in conduct that could conceivably be characterized as extreme or outrageous.").

Here, plaintiffs complain generally that Allstate did not pay enough for their water loss, paid too slow, and notified them of the statutory one year limit on the rental accommodations that Allstate had arranged for them, and plaintiffs assert the conclusion that this was "extreme and outrageous" and that plaintiffs experienced some unexplained "emotional distress" as a result.  Complaint, ¶ 50.  These rote allegations, however, are not a substitute for the pleading of actual facts showing that Allstate engaged in conduct that was "so extreme as to exceed all bounds of that usually tolerated in the civilized community."  Thus, as demonstrated by the authorities above, as a matter of law, plaintiffs' allegations are insufficient to state a cause of action for IIED.

> ## 2.    Plaintiffs Do Not Allege Severe Emotional Suffering.

In addition to alleging extreme and outrageous conduct, a plaintiff attempting to state an IIED claim "must plead specific facts that establish severe emotional distress resulting from defendant's conduct."  *Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114 (1996); *see also Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 616 (1985) (same).

When it comes to meeting this requirement, California law "has set a high bar." *Hughes*, 46 Cal. 4th at 1051. Specifically, there must be allegations showing severe emotional suffering "of such intensity, substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." *Id.*

Here, plaintiffs allege – without any factual support – that they suffered "severe emotional distress," "undue stress, anxiety, worry, depression, and anger." Complaint, ¶¶ 22, 52. These boilerplate conclusions, however, do not contain the factual specificity required to plead severe emotional suffering to support an IIED claim. *See Hughes*, 46 Cal.4th at 1051 (allegations of "discomfort, worry, anxiety, upset stomach, concern, and agitation" not sufficient to plead IIED); *see also McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1274-75 (E.D. Cal. 2012) (granting a motion to dismiss IIED claim where the complaint made "sweeping references to 'anguish, embarrassment, anxiety, nervousness, humiliation, worry . . . and shame' with no facts to support such symptoms or conditions"); *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 287 (1982) (allegation that plaintiff suffered "humiliation, mental anguish, emotional and physical distress" insufficient to withstand demurrer); *Girard v. Ball*, 125 Cal. App. 3d 772, 778 (1981) (allegations of sleeplessness, anxiety and nervousness do not constitute adequate allegations of a severe emotional suffering).

Because plaintiffs have not pleaded facts constituting either outrageous conduct or severe emotional suffering, the Court should grant Allstate's motion to dismiss the IIED cause of action.

### C.   Plaintiffs' Fifth Cause of Action Under California Business and Professions Code section 17200 Should Be Dismissed Because Plaintiffs Have Adequate Remedies at Law.

Plaintiffs' fifth cause of action asserts a claim against Allstate for unfair competition under Business and Professions Code section 17200 et seq. Complaint,

¶¶ 54-60.  Section 17200 claims are equitable and therefore only provide the remedies of restitution and injunctive relief.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).  However, "[a] plaintiff seeking equitable relief must establish that there is no adequate remedy at law available." *Bekeredjian v. Allstate Ins. Co.*, 2015 WL 12778413, at *4 (C.D. Cal. Aug. 24, 2015) (citing *Philpott v. Super. Ct.*, 1 Cal. 2d 512, 517 (1934) and *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)); *see also N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984) ("A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law.").

Here plaintiffs cannot allege that they lack adequate legal remedies.  They allege claims for breach of contract and bad faith.  Money damages that they could recover under those claims would fully compensate them for any harm that they have suffered – including any additional monies needed to cover restoration and their rent payments.  Their legal remedies are therefore adequate and they cannot obtain equitable relief.

Thus, in insurance disputes like this case, courts have repeatedly dismissed section 17200 claims, and emphasized that breach of contract and bad faith claims provide sufficient remedies at law.  *See, e.g., Moss v. Infinity Ins. Co.*, 197 F.Supp.3d 1191, 1203 (N.D. Cal. 2016) (dismissing section 17200 claim because plaintiff had an adequate remedy at law in her breach of contract claim); *Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing claim because the insureds' "claims for breach of contract and breach of the implied covenant of good faith and fair dealing may provide an adequate remedy [at law]"); *Stewart v. Life Ins. Co. of N.A.,* 388 F.Supp.2d 1138, 1144 (E.D. Cal. 2005) (explaining that the plaintiff's "breach of contract claim will provide any benefits she is due."); *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1250 (1998) (claim for equitable relief under section 17200 was not

1    available because plaintiff had adequate remedies of law); *see also Rubin v.*

2    *Green,* 4 Cal. 4th 1187, 1199, 1202 (1993) (holding that insured had other potential

3    remedies and therefore injunctive relief pursuant to a Section 17200 Claim was not a

4    viable claim).

5         Moreover, restitution under section 17200 is unavailable because it "is

6    confined to restoration of any interest in money or property, real or personal, which

7    may have been acquired by means of such unfair competition." *Kwikset Corp. v.*

8    *Superior Court*, 51 Cal. 4th 310, 336 (2011) (internal quotation marks omitted).

9    Plaintiffs' Complaint, however, fails to allege facts indicating that any money was

10   paid that should be restored to plaintiffs. Rather, plaintiffs want Allstate to *pay them*

11   *more money.* As California courts have confirmed, however, "[t]hese amounts are

12   damages, not restitution." *See, e.g., Dobbel v. Liberty Ins. Corp.*, 2018 WL

13   3495661, at \*5 (E.D. Cal. July 20, 2018).

14        In sum, the section 17200 claim fails as a matter of law.

15   **D.    Plaintiffs' Sixth Cause of Action Fails to State a Claim for Elder**

16   **Financial Abuse.**

17        Plaintiffs also pursue a cause of action for elder financial abuse. Complaint,

18   ¶¶ 61-65. Under, California Welfare & Institution Code § 15610.30(a), "financial

19   abuse" of an elder occurs when a person: (1) "[t]akes, secretes, appropriates,

20   obtains, or retains real or personal property of an elder . . . for a wrongful use or

21   with intent to defraud, or both"; (2) "[a]ssists in taking, secreting, appropriating,

22   obtaining, or retaining real or personal property of an elder . . . for a wrongful use or

23   with intent to defraud or both; or (3) [t]akes, secretes, appropriates, obtains, or

24   retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or

25   personal property of an elder . . . by undue influence."

26        The elder financial abuse statute was created by the legislature to address the

27   problem of "California seniors losing millions of dollars by purchasing unnecessary

28   financial products." *O'Brien v. Cont'l Cas. Co.*, 2013 WL 4396761, \*5 (N.D. Cal.

SMRH:4818-0078-2758.1

MEMO OF POINTS AND AUTHORITIES ISO ALLSTATE'S MOTION TO DISMISS
PLAINTIFFS' THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

1    Aug. 13, 2013) (citing Assem. Comm. on Judiciary, Analysis of Assem. Bill No.

2    2107 (1999-2000 Reg. Sess.)).  In fact, the financial elder abuse statute was

3    conceived as part of a larger effort to combat "the problems of financial fraud and

4    misrepresentation directed to seniors." Assem. Comm. on Judiciary, Analysis of

5    Assem. Bill No. 2107 (1999-2000 Reg. Sess.), as amended Apr. 3, 2000, p. 2.

6         The cases in which the financial elder abuse statute has been held to apply

7    illustrate the statute's purpose.  For example, an individual committed financial

8    elder abuse when he pretended to be the nephew of an elderly person in order to

9    induce her to invest in a nightclub venture, and an attorney violated the statute when

10   he accepted a finder's fee for his part in the scheme.  *Wood v. Jamison*, 167 Cal.

11   App. 4th 156, 158 (2008).  Potential financial abuse was found when a mortgage

12   broker convinced an elderly client to refinance her home on terms less favorable

13   than her existing mortgage, and persuaded her to sign the loan documents without

14   reading them.  *Zimmer v. Nawabi*, 566 F. Supp. 2d 1025 (E.D. Cal. 2008).  And

15   allegations of a "churning scheme" (in which deceptive practices were used to

16   convince an elderly client to purchase a deferred annuity that matured after the

17   client's actuarial life expectancy) were held sufficient to survive a motion to dismiss

18   a claim of financial elder abuse.  *Negrete v. Fid. & Guar. Life Ins. Co*., 444 F. Supp.

19   2d 998, 1000 (C.D. Cal. 2006).  Thus, the text of the statute, the legislative history,

20   and courts' application of the statute, all confirm that it was aimed at penalizing

21   defendants that make a profit by identifying, targeting, and convincing elders to

22   purchase unnecessary financial products, or make unfavorable investments, by

23   undue influence or fraudulent inducement.

24        Here, however, plaintiffs plead nothing of the sort.  Their complaint is simply

25   that Allstate did not pay enough for their insurance claim.  Their elder abuse claim

26   fails because it is both inadequately pleaded and not viable in the context of a mere

27   insurance payment dispute.

28

-11-                          Case No. 2:19-cv-08024

1                  1.     <u>Plaintiffs Don't Allege Facts Sufficient to Establish Elder Abuse</u>.

2      "Elder" means any person residing in this state, 65 years of age or older.  Cal.

3      Welf. & Inst. Code § 15610.27.  While plaintiffs generically assert that they "are

4      considered 'Elder' pursuant to Welfare and Institutions Code section 15610.30(a),"

5      they do not assert any facts to support that legal conclusion.  They likewise fail to

6      state anywhere that Allstate had any knowledge that plaintiffs were elders, or acted

7      to take advantage of their status as elders.  Thus, plaintiffs' conclusory allegations

8      are insufficient to state a claim for financial elder abuse.

9                  2.     <u>Plaintiffs' Insurance Dispute is Not the Type That Should Give</u>

10                       <u>Rise to a Financial Abuse of an Elder Claim</u>.

11      Courts in California have found that the financial elder abuse statute does not

12      apply to insurers denying coverage or policy benefits.  *See, e.g., O'Brien*, 2013 WL

13      4396761, at *5.  The court in *O'Brien* dismissed the insured's cause of action for

14      elder financial abuse without leave to amend, ruling a lawsuit based on a wrongful

15      denial of insurance benefits could not support an elder abuse claim.  *Id.*  Noting a

16      denial of contract benefits does not involve the wrongful receipt of property, the

17      court held:  "Neither the language of § 15610.30 nor its accompanying legislative

18      history indicate that a basic denial of insurance coverage was ever contemplated as a

19      form of 'financial elder abuse.'"  *Id.*; *see also Mercer v. State Farm Mutual Auto*

20      *Insurance Co.*, 2011 WL 8106473 (Los Angeles Superior Court, Aug. 11, 2011)

21      ("Absent any authority stating that a claim for benefits of an insurance policy are

22      property, Plaintiff has failed to identify any real or personal property that was taken

23      or retained by Defendant.").

24      Cases that have allowed an elder financial abuse claim to proceed in the

25      context of an insurance dispute both stray from the purpose and text of the financial

26      abuse statute, and involve additional factual allegations, not present here, that would

27      bring the cases within the context of the statute.  In *Johnston v. Allstate Ins. Co.*,

28      2013 WL 2285361 (S.D. Cal. May 23, 2013), for example, the court specifically

SMRH:4818-0078-2758.1

1  noted that, "[a]s relevant to the pending motion to dismiss, Plaintiff alleges Allstate

2  knew she was a senior citizen and used this fact to the company's financial

3  advantage in improperly and wrongfully denying her claim." *Id*. at *1.  Thus, unlike

4  here, the allegations in the *Johnston* case were not only that the insurer denied a

5  claim, but that it had relied upon the plaintiff's age in doing so.  *See also Keshish v.*

6  *Allstate Ins. Co.*, 959 F. Supp. 2d 1226 (C.D. Cal. 2013).  By contrast, while the

7  Complaint in this matter describes an insurance coverage dispute, it does not include

8  any allegations that Allstate targeted plaintiffs as elderly persons in order to sell

9  them a policy with the malicious intent of denying or underpaying claims.  The

10  Complaint does not allege (as alleged in *Johnston*) that Allstate's coverage position

11  discriminated against plaintiffs on the basis of their age; indeed, as discussed above,

12  the only references to age in their Complaint are conclusory references to the

13  "financial elder abuse" Act itself.  Thus, as explained in *O'Brien*, the statute should

14  not be stretched to apply to plaintiffs' ordinary insurance dispute lawsuit.

15      **E.    Plaintiffs' Seventh Cause of Action for Injunctive Relief is Not a**

16          **Recognized Cause of Action.**

17      Plaintiffs' seventh cause of action is for "injunctive relief."  Complaint, ¶¶ 66-

18  68.  In California, however, it is well-settled that such a cause of action does not

19  exist; instead, "injunctive relief and declaratory relief are prayers for relief, not

20  causes of action."  *Canales v. Federal Home Loan Mortg. Corp.*, 2011 WL

21  3320478, at *10 (C.D. Cal. Aug. 1, 2011); *see McDowell v. Watson*, 59 Cal. App.

22  4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of

23  action.") (citations omitted); *see also Jenkins v. MCI Telcoms. Corp.*, 973 F.Supp.

24  1133, 1139, n.10 (C.D. Cal. 1997) ( "declaratory relief, and injunctive relief are not

25  causes of action.  They are remedies . . .  Therefore, they need not be addressed by

26  this Court").

27      Additionally, as discussed above, injunctive relief is unavailable for the

28  additional reason that money damages provide an adequate legal remedy for the

1    alleged harm plaintiffs seek to redress through this lawsuit. *See Grace Geothermal*

2    *Corp.*, 469 U.S. at 1306; *Cont'l Airlines, Inc.*, 24 F.3d at 1104 (9th Cir. 1994); *Dahl*,

3    2010 WL 1458957, at *11.

4        The Court should therefore dismiss this cause of action, too.

5    **IV.    CONCLUSION**

6        As set forth above, plaintiffs' third, fourth, fifth, sixth, and seventh causes of

7    action against Allstate fail as a matter of settled law, and they should therefore be

8    dismissed with prejudice.

9

10   Dated:  September 24, 2019

11                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

12

13                    By    _____
                                    *s/ Marc J. Feldman*
14                                  MARC J. FELDMAN

15                          Attorneys for Allstate Insurance Company
16

17

18

19

20

21

22

23

24

25

26

27

28