SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
MARC J. FELDMAN, Cal. Bar No. 144830
JOHN F. BURNS, Cal. Bar. No. 290523
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail       pklee@sheppardmullin.com
             mfeldman@sheppardmullin.com
             jburns@sheppardmullin.com

Attorneys for Allstate Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER,<br>LINDA B. OLIVER,<br><br>            Plaintiffs,<br><br>        v.<br><br>ALLSTATE INSURANCE<br>COMPANY,<br>EDWARD CARRASCO, and DOES 1<br>through 10, inclusive,<br><br>            Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**REPLY IN SUPPORT OF ALLSTATE INSURANCE COMPANY AND EDWARD CARRASCO'S MOTIONS TO DISMISS**<br><br>Hon. Otis D. Wright II<br><br>**Hearing:**<br>Date:      November 18, 2019<br>Time:      1:30 p.m.<br>Dept:      First Street Courthouse,<br>           Courtroom 5D<br><br>[Complaint Filed: August 13, 2019]<br>Trial Date:        None set |

SMRH:4816-1501-9692.1

## I.      Introduction

In violation of the Local Rules, plaintiffs' opposition brief was filed several weeks after it was due, and on the eve of the hearing on Allstate and Mr. Carrasco's motions to dismiss.  The Court should therefore grant the motions to dismiss based on the untimeliness of plaintiffs' opposition alone.

But even considering the content of their untimely opposition, it is clear that plaintiffs have no meaningful response to the cases discussed and arguments made in the motions to dismiss.  Allstate and Mr. Carrasco's motions set forth in detail that:  (i) plaintiffs' claims against Mr. Carrasco should all fail because plaintiffs admitted that he was acting within the scope of his employment as an insurance adjuster for Allstate; (ii) plaintiffs' claims against Mr. Carrasco should fail for the additional, independent reason that each fails under settled California law; and (iii) plaintiffs' third, fourth, fifth, sixth, and seventh causes of action against Allstate fail as a matter of law as well.  Plaintiffs do not deny (let alone address) any of this.

Instead of addressing the facts and law at issue in this case, they resort to bluster and cite a Rutter Group Guide entry, which stands for the unremarkable proposition that, in some instances, an insured may be able to assert a cause of action against an adjuster.  What the Rutter Group says is entirely consistent with California law and the rulings that Allstate and Mr. Carrasco cited in their briefs.  It is also completely irrelevant in light of the facts at issue *in this case*, which show that plaintiffs cannot state a cause of action against Mr. Carrasco.  The Rutter materials do not change that plaintiffs have *admitted* that Mr. Carrasco was acting within the scope of his employment as a claims adjuster when he did the things plaintiffs complain of.  And they do not change that the claims in plaintiffs' complaint are not viable.

Thus, the Court should grant Allstate and Mr. Carrasco's motions to dismiss. And for the same reasons, the Court should ignore plaintiffs' baseless and

1  procedurally improper requests for sanctions and remand, both of which are
2  meritless under the law they refuse to acknowledge.

3  **II.      The motions to dismiss should be considered unopposed**

4          Allstate and Mr. Carrasco filed their motions to dismiss on September 24,
5  2019, and designated November 18, 2019 – almost two months later – as the hearing
6  date.  (Dkt. Nos. 9, 11).  Thus, under Local Rule 7-9, plaintiffs' opposition briefs
7  were due on October 28, 2019.  *See* C.D. Cal. L.R. 7-9 (requiring opposition brief
8  "not later than twenty-one (21) days before the date designated for the hearing of the
9  motion").

10          Plaintiffs waited until the afternoon of November 12 to file their opposition,
11  and therefore missed the deadline by over two weeks.  (Dkt No. 13).  They made no
12  effort to seek leave from the Court for their inexplicable and extreme tardiness, nor
13  did they offer to continue the hearing.  To make matters worse, plaintiffs had
14  previously scheduled the depositions of two Allstate employees for November 13
15  and 15, 2019.  Thus, the untimeliness of plaintiffs' opposition forced Allstate to
16  draft this reply, attend two depositions noticed by the plaintiffs, and prepare for the
17  hearing – all in just three work days.  This is patently improper.  *See Moore v. La*
18  *Habra Relocations, Inc.*, 501 F. Supp. 2d 1278, 1279 (C.D. Cal. 2007)
19  ("Noncompliance with the Local Rules not only prejudices the opposing party by
20  limiting preparation time for opposing papers, it also interferes with the Court's
21  ability to prepare for motion hearings.").

22          Under Local Rule 7-12, "[t]he Court may decline to consider any
23  memorandum or other document not filed within the deadline set by order or local
24  rule."  Moreover, "[t]he failure to file any required document, or the failure to file it
25  within the deadline, may be deemed consent to the granting or denial of the
26  motion. . . ."  L.R. 7-12.  Several decisions from this district reflect that where, as
27  here, an opposition to a motion to dismiss is filed late, Local Rule 7-12 means what
28  it says:  that the Court should disregard the untimely opposition, treat the motion as

1  unopposed, and grant the motion.  *See, e.g., Ketab Corp. v. Mesriani Law Grp.*,

2  2015 WL 2085531, at *1 (C.D. Cal. May 5, 2015) (motion to file opposition 7 days

3  late was denied and thus motion to dismiss was considered unopposed pursuant to

4  Local Rule 7-12); *Chavers v. GMAC Mortg.*, LLC, 2012 WL 777491, at *1 (C.D.

5  Cal. Mar. 9, 2012) (Wright, J.) ("The hearing on Defendants' motion was set for

6  March 19, 2012.  Plaintiff's opposition was therefore due by February 27, 2012.

7  Nevertheless, the Court did not receive Plaintiff's Opposition until March 7, 2012.

8  Plaintiff's failure to timely oppose may therefore be deemed consent to the granting

9  of Defendants' Motion.").[1]

10        The same result is warranted here.  Because plaintiffs' opposition was filed

11  more than two weeks late, it should be disregarded and the motions to dismiss

12  should be considered unopposed.

13  **III.**    **The claims against Mr. Carrasco fail because he was acting within the**

14          **scope of his employment at Allstate**

15        Plaintiffs' do not deny (let alone address) that:

16        1.      They admitted in their complaint that Mr. Carrasco was at all times

17  "*acting in the course and scope of his employment with ALLSTATE* as a 'claims

18  adjuster' while committing the acts" that plaintiffs complain of in their Complaint.

19  Complaint, ¶ 3 (emphasis added).

20        2.      Courts in the Ninth Circuit have repeatedly held that, when an

21  insurance adjuster is sued for conduct taken within the scope of his agency for the

22  

---

23  [1]    *Cf. Rogers v. Select Portfolio Servicing, Inc.*, 2014 WL 1794460, at *2 (C.D.

24  Cal. May 6, 2014) (Wright, J.) ("The Court turns first to Plaintiffs' Motion to Remand, which was filed a week after the deadline to oppose the Motion to Dismiss.

25  . . .  [T]he Court finds that the Motion to Remand is really just a late-filed and hastily written opposition to the Motion to Dismiss. . . .  This attempt to circumvent

26  the well—established briefing schedule for motions is entirely unacceptable. Therefore, the Court will not consider Plaintiffs' arguments in addressing the merits

27  of the Motion to Dismiss, and Plaintiffs' counsel is warned that failure to comply

28  with Rule 11 in the future will result in monetary sanctions.").

SMRH:4816-1501-9692.1            REPLY IN SUPPORT OF ALLSTATE INSURANCE COMPANY AND
EDWARD CARRASCO'S MOTIONS TO DISMISS

insurer, the claims against the adjuster fail as a matter of law – because any liability rests with the insurer only, not its agent.  *See, e.g., Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (holding that because the plaintiff's "allegations against [the employee] pertain to actions she took in her capacity as an Allstate employee," the court "did not err in concluding that [the individual] was a fraudulently named defendant."); *Khordadian v. New York Life Ins. Co.*, 2014 WL 12705059 (C.D. Cal. June 10, 2014) (dismissing IIED claims against adjuster and emphasizing that "[m]any district courts have held that insurance agents named as defendants in claims by insureds for fraud, misrepresentation, and other torts were fraudulently joined when the alleged misconduct of the agents was *within the scope of their role as agents*.") (emphasis added); *Infanzon v. Allstate Ins. Co. et al.*, 2019 WL 5847833, at *5 (C.D. Cal. Nov. 6, 2019) (same).

      3.    Plaintiffs' "clear allegation that [Mr. Carrasco] acted within the scope of [his] employment *would make any attempt at amending their claims against [him] futile*."  *Durben v. State Farm Gen. Ins. Co.*, 2016 WL 4096801, *3 (E.D. Cal. Aug. 1, 2016) (emphasis added).

      Under California law, the inquiry ends there.  Because plaintiffs have admitted that Mr. Carrasco's actions were taken within the scope of employment, they have not, and cannot, include him as a defendant.  He is a "sham" defendant, and his presence cannot destroy diversity.  (Dkt. No. 1, ¶ 13).  The claims against him should be dismissed with prejudice, just like the sham employee defendants in *Durben*, *Khordadian*, and the many other cases cited in the motions to dismiss.

## IV.    Scope of employment aside, each claim against Mr. Carrasco also fails as a matter of California law

      Plaintiffs also fail to address the cases demonstrating that each of plaintiffs' legal theories for liability against Mr. Carrasco fails as a matter of law.  This provides yet another reason to dismiss the case against him.  As set forth in Mr. Carrasco's motion to dismiss, and utterly ignored by plaintiffs:

1       1.      Plaintiffs' negligence cause of action against Mr. Carrasco fails

2  because the standard for tort liability against an insurer is bad faith, not negligence,

3  and because an insurance adjuster owes no duty of care to an insured.  *Tento Int.*

4  *Inc. v. State Farm Fire and Casualty Co.*, 222 F. 3d 660, 664 (9th Cir. 2000) ("[I]n

5  California, 'negligence is not among the theories of recovery generally available

6  against insurers.'"); *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1200 (E.D.

7  Cal. 2012) (holding that an insurance adjusted cannot be liable for negligence

8  because an insurance adjuster does not owe a duty of care to the insured).

9       2.      Plaintiffs' IIED cause of action against Mr. Carrasco fails because, as

10  California courts have repeatedly held, allegations of delay or denial of insurance

11  claims do not satisfy the high standard of pleading IIED.  *Zhang v. Safeco Ins. Co.*

12  *of Am.*, 2012 WL 1895989 (N.D. Cal. May 23, 2012) (noting the high bar imposed

13  when asserting an IIED cause of action, and the California authority making clear

14  that "delay or denial of insurance claims is not sufficiently outrageous to state a

15  cause of action for IIED," and agreeing that plaintiffs could not assert a viable cause

16  of action against the adjuster).

17       3.      Plaintiffs' financial elder abuse claim against Mr. Carrasco fails

18  because financial elder abuse cannot be stated against an adjuster.  *Strawn v. Morris,*

19  *Polich & Purdy, LLP*, 30 Cal. App. 5th 1087, 1102-03 (2019).

20       4.      Plaintiffs' injunctive relief cause of action fails because injunctive

21  relief is not a cause of action at all.  *Jenkins v. MCI Telcoms. Corp.*, 973 F.Supp.

22  1133, 1139, n.10 (C.D. Cal. 1997) ("declaratory relief, and injunctive relief are not

23  causes of action. They are remedies . . .  Therefore, they need not be addressed by

24  this Court").

25       Plaintiffs ignore this law because they must; they cannot rebut these cases

26  holding that the causes of action they have made against Mr. Carrasco simply cannot

27  survive under California law.  But plaintiffs cannot avoid this law by ignoring it.  *Cf.*

28  *Manzo v. Cty. of Riverside*, 2017 WL 10544292, at *5 (C.D. Cal. Oct. 19, 2017)

1  ("The Court construes Plaintiff's failure to address this argument as Plaintiff's

2  concession that they are valid reasons to dismiss those claims.").  Because these

3  claims against Mr. Carrasco are invalid, that provides yet another reason to dismiss

4  Mr. Carrasco from this case.

5  **V.  Allstate's motion to dismiss should be granted**

6       Plaintiffs' opposition purports to only respond to *Allstate's* motion to dismiss,

7  and not Mr. Carrasco's.  *See, e.g.*, Dkt. No. 13 at 1 ("Plaintiffs ALAN BAKER and

8  LINDA B. OLIVER respectfully submit the following Opposition to Defendant

9  ALLSTATE INSURANCE COMPANY'S Motion to Dismiss Plaintiffs' Third,

10  Fourth, Fifth, Sixth and Seventh Causes of Action.").  They nonetheless completely

11  fail to address any of Allstate's arguments.  As explained in Allstate's motion to

12  dismiss, plaintiffs' third, fourth, fifth, sixth and seventh causes of action should be

13  dismissed because they fail under California law.  (Dkt. No. 11 at 3-13).

14  **VI.  Plaintiffs' argument does not change the result**

15       Plaintiffs spill much ink on the Rutter Guide's discussion that an insured can

16  sometimes sue an insurer's agents.  From Rutter's discussion of what some plaintiffs

17  may be able to do in certain cases, plaintiffs infer that they can necessarily state a

18  viable claim against Mr. Carrasco in this case.  This argument is nonsensical.  That

19  some tort theories might be viable in some instances, where an agent of an insurer

20  acts outside of the scope of employment, does not mean that all tort theories can

21  survive, even notwithstanding their defects, or admissions that invalidate the

22  theories.

23       This is precisely what the Court recognized in *Kavanaugh v. Nat'l Union Fire*

24  *Ins. Co. of Pittsburgh, PA*, 2019 WL 3823904 (C.D. Cal. Aug. 15, 2019) (Wright,

25  J.).  There, the Court began with the principle – critical to this case – that "[i]n

26  California, where the agent contracts in the name of the insurer and does not exceed

27  that authority, the insurer is liable, *and not the agent*."  *Id.* at *2 (emphasis added;

28  internal brackets and quotation marks omitted).  The Court also recognized –

1  consistent with Rutter – that there can be liability in other circumstances, such as

2  where the agent acts outside of the agency with the employer.  Thus, because the

3  plaintiff in *Kavanaugh* alleged that the sales agent "was acting as a dual agent," the

4  Court ruled that a claim could be stated against him.  *Id*. at *3.

5       Here, in contrast, plaintiffs do not allege that Mr. Carrasco was a dual agent.

6  To the contrary, like in *Durben*, 2016 WL 4096801, they admit that he was acting

7  within the scope of his employment.  And, as set forth above, plaintiffs' specific

8  claims against Mr. Carrasco all fail as a matter of California law.  While *valid*

9  claims against a true *dual agent* may be viable in some circumstances, that is not the

10  case here.  In this case, the allegations in the complaint establish that there is no

11  basis for a claim against Mr. Carrasco.  Thus, the claims against him should be

12  dismissed.

13  **VII.   Plaintiffs' procedurally improper requests for sanctions and remand fail**

14       As set forth above, and as demonstrated by plaintiffs' refusal to engage with

15  Allstate and Mr. Carrasco on the law governing dismissal in this case, plaintiffs'

16  requests for sanctions and remand are patently meritless.  They are also procedurally

17  defective because they are not supported by any evidence, and not brought under the

18  Local Rules' requirements.  *See, e.g.*, C.D. Cal. R. 7-2 to 7-8 (motion requires

19  certification of conference of counsel, separate notice of motion, memorandum in

20  support of motion, and evidence in support of motion).  They should be denied out

21  of hand.

22  **VIII.  Conclusion**

23       If plaintiffs' untimely opposition shows anything, it's that plaintiffs intend to

24  litigate this case through exaggeration, bluster, and threats.  None of that takes away

25  from the fact that plaintiffs have failed to state a claim against Mr. Carrasco, or that

26  their last five causes of action against Allstate are invalid.  The Court should grant

27  the motions to dismiss.

28

1   Dated:  November 13, 2019

2                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                   By    _____

5                                   s/ Marc J. Feldman
                                    MARC J. FELDMAN
6
7                         Attorneys for Allstate Insurance Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4816-1501-9692.1