SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
MARC J. FELDMAN, Cal. Bar No. 144830
JACK F. BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815
E mail       pklee@sheppardmullin.com
             mfeldman@sheppardmullin.com
             jburns@sheppardmullin.com

Attorneys for Defendants Allstate Insurance Company

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER,<br>LINDA B. OLIVER,<br><br>            Plaintiffs,<br><br>     v.<br><br>ALLSTATE INSURANCE COMPANY, EDWARD CARRASCO, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**DECLARATION OF PETER H. KLEE IN SUPPORT OF ALLSTATE'S EX PARTE APPLICATION**<br><br>Hon. Otis D. Wright II<br><br>Dept:   First Street Courthouse, Courtroom 5D<br><br>Complaint Filed: August 16, 2018<br>Trial Date:  Not yet set. |

I, Peter H. Klee, declare as follows:

1. I am an attorney with Sheppard, Mullin, Richter & Hampton LLP, attorneys for Allstate Insurance Company in this lawsuit. I have personal knowledge of the following facts.

2. Beginning November 18, 2019, Plaintiffs' attorney, Christopher Hook began bombarding me and my colleagues with over 100 emails. Many of these emailed were laced with profanity and used discriminatory epithets. Mr. Hook then sent several emails explicitly threatening physical violence. Finally, he sent me emails stating "I know where you live," indicating that he did in fact know my home address, and identifying my wife by name.

3. Attached as Exhibit 1 are true and correct copies of just some of the emails that I and my office have received from Mr. Hook. In a few places, there are redactions to protect my home address and my wife's identity.

4. Although I have never met or spoken to Mr. Hook, based on his repeated threats, I was forced – for the first time in my 35-plus years of practice - to warn my family to take appropriate safety precautions because they may be in danger. My firm has also notified security in our San Diego and Los Angeles offices not to grant Mr. Hook entry.

5. Among other things, Mr. Hook has also specifically threatened to "water board each one of their trolls that show up for depo[sition] without any mercy whatsoever." Depositions of three Allstate witnesses are set for the week of December 9. Therefore, Allstate does not have time to seek relief via a noticed motion, and seeks ex parte relief.

6. Finally, in light of Mr. Hook's egregious conduct, Allstate believes that good cause exists not to solicit a statement from Mr. Hook regarding his position on the ex parte application. His conduct speaks for itself.

7. Mr. Hook will be e-served concurrently with the filing of Allstate's application. Pursuant to chamber's rules, following service of the ex parte papers

via cm/ecf, we will notify Mr. Hook via e-mail today that opposing papers must be filed no later than 24 hours following service.

8. I am the billing partner for this case. I have spent in excess of two hours preparing Allstate's ex parte application and my declaration. My partner Marc Feldman has spent in excess of 11 hours researching and preparing Allstate's ex parte application, along with the supporting documents. Our billing rate for this matter is $490 per hour. Therefore, Allstate requests $6,370 (13 x $490) in sanctions against Mr. Hook for being forced to bring its ex parte application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed in San Diego, California on November 26, 2019.

/s/ *Peter H. Klee*
PETER H. KLEE, ESQ.