SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
MARC J. FELDMAN, Cal. Bar No. 144830
JACK F. BURNS, Cal. Bar No. 290523
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail       pklee@sheppardmullin.com
               mfeldman@sheppardmullin.com

Attorneys for Allstate Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER,<br>LINDA B. OLIVER,<br><br>          Plaintiffs,<br><br>   v.<br><br>ALLSTATE INSURANCE COMPANY,<br>and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**ALLSTATE'S ANSWER TO THE COMPLAINT**<br><br>Hon. Otis D. Wright II<br>Dept:     First Street Courthouse, Courtroom 5D<br><br>Complaint Filed: August 16, 2018<br>Trial Date: Not yet set. |

    Defendant Allstate Insurance Company hereby answers the Complaint filed by plaintiffs Alan Baker and Linda B. Oliver by admitting, denying, and alleging as follows:

    1.    Allstate admits the allegations of paragraph 1 of the Complaint.

    2.    Allstate admits the allegations of paragraph 2 to the Complaint.

    3.    Answering the allegations in paragraph 3 of the Complaint, Allstate admits that Edward Carrasco was and is an adult individual working in the County of Los Angeles as an employee for Allstate, that he was and is a claims adjuster, and that he was acting within the scope of his employment with Allstate at all times he worked on plaintiffs' insurance claim. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 3.

4. Allstate lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 regarding DOES 1 through 10, and on that basis denies them. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 4.

5. Answering the allegations in paragraph 5 of the Complaint, Allstate admits that Carrasco (formerly a named defendant) was and is an employee of Allstate. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 5.

6. Allstate admits the allegations of paragraph 6 of the Complaint.

7. Answering the allegations in paragraph 7 of the Complaint, Allstate admits that a portion of the policy was attached to the Complaint. Allstate denies that the entire policy was attached to the Complaint.

8. Allstate admits the allegations of paragraph 8 of the Complaint.

9. Allstate admits the allegations of paragraph 9 of the Complaint.

10. Allstate admits the allegations of paragraph 10 of the Complaint.

11. Paragraph 11 purports to quote from the Allstate insurance policy. Allstate admits that it is an incomplete quotation. Allstate further responds that the policy speaks for itself. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 11.

12. Answering the allegations in paragraph 12 of the Complaint, Allstate admits that plaintiffs reported a water loss on or about September 20, 2018, that the water loss caused damage to flooring, walls, ceiling, molding, and millwork, and that Allstate assigned claim number 0517768081 to the loss. Allstate lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and on that basis denies them.

13. Answering the allegations in paragraph 13 of the Complaint, Allstate admits that a remediation company called ServPro provided water damage remediation services, and that it paid ServPro for the remediation services. Allstate also admits that plaintiffs

temporarily relocated to a rental house located at 800 N. Harper Avenue, and that it rented a temporary home for plaintiffs, where they currently reside, at a cost of roughly $15,000 per month.  Allstate also admits that its vendors collected and stored plaintiffs' personal property.  Allstate lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and on that basis denies them.

14. Answering the allegations in paragraph 14 through 18 of the Complaint, Allstate admits that plaintiffs' Hancock Park residence has four bedrooms, four bathrooms, a pool, a detached pool house, and that it is approximately 4,000 square feet, and that Zillow estimates its value at over $3,000,000 ($3,319,709 as of the time of this Answer). Allstate admits that Hancock Park is a historic neighborhood in Los Angeles, that it has been designated a "Historic Preservation Overlay Zone," and that certain construction and changes to Hancock Park residences must be reviewed.  Allstate lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 14 through 18, and on that basis denies them.

15. Answering the allegations in paragraph 19 of the Complaint, Allstate admits that plaintiffs hired Mackey Construction & Restoration, and that Mackey submitted an estimate of $394,713.60.   Allstate lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and on that basis denies them.

16. Answering the allegations in paragraph 20 of the Complaint, Allstate admits that Allstate retained Baldwin Construction to provide an estimate for repairs to plaintiffs' property, that Baldwin's office is in San Dimas, California, and that Baldwin's initial estimate was $144,494.09.  Allstate admits that, after receiving this estimate, it communicated to plaintiffs that the Mackey bid of over $390,000 was rejected.  Allstate denies that it or its employees intentionally selected a contractor that they knew would provide a substantially lower estimate.  Allstate denies that it or its employees acted wrongfully in obtaining a competing bid, or in rejecting Mackey's bid.  To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 20.

17. Answering the allegations in paragraph 21 of the Complaint, Allstate admits that it paid certain invoices submitted by Mackey. Allstate denies that it delayed or stalled repairs on plaintiffs' property. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 21.

18. Allstate denies the allegations of paragraph 22 of the Complaint.

19. Answering the allegations in paragraph 23 of the Complaint, Allstate admits that plaintiffs' public adjuster hired a third-party company to prepare an estimate, and that the estimate was approximately $365,000. Allstate denies that it disregarded or ignored this estimate. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 23.

20. Answering the allegations in paragraph 24 of the Complaint, Allstate denies that it failed or refused to timely reimburse plaintiffs for covered costs, expenses, and damages. To the extent any further response is required, Allstate denies the remaining allegations, if any, contained in paragraph 24.

21. Allstate denies the allegations of paragraph 25 of the Complaint.

22. Answering the allegations in paragraph 26 of the Complaint, Allstate admits that it advised plaintiffs that the statutory 12 month term of their additional living expenses was coming to an end before it extended the additional living expenses term. Allstate denies that plaintiffs were ever forced to vacate the temporary housing. Allstate denies that it delayed or stalled plaintiffs or Mackey, or that it prevented construction repairs from being completed. Allstate lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and on that basis denies them.

23. Allstate denies the allegations of paragraph 27 of the Complaint.

## FIRST CAUSE OF ACTION

24. Paragraphs 28 through 35 are no longer applicable to this case in light of the Court's November 20, 2019 order, and therefore no response is required. To the extent that any further response is required, Allstate denies the allegations contained in paragraphs 28 through 35.

## SECOND CAUSE OF ACTION

25. Answering the allegations in paragraph 36 of the Complaint, Allstate restates and incorporates its responses to all allegations incorporated by virtue of the aforementioned paragraph.

26. Allstate denies the allegations of paragraph 37 of the Complaint.

27. Allstate believes that paragraph 38 was omitted from the Complaint, and that no response is required. To the extent that any further response is required, Allstate denies the allegations of paragraph 38.

28. Allstate denies the allegations of paragraph 39 of the Complaint.

29. Allstate denies the allegations of paragraph 40 of the Complaint.

30. Allstate denies the allegations of paragraph 41 of the Complaint.

31. Allstate denies the allegations of paragraph 42 of the Complaint.

## THIRD THROUGH SEVENTH CAUSES OF ACTION

32. Paragraphs 43 through 68 are no longer applicable to this case in light of the Court's November 20, 2019 order, and therefore no response is required. To the extent that any further response is required, Allstate denies the allegations contained in paragraphs 43 through 68.

## PRAYER FOR RELIEF

1. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 1 of the Complaint's prayer for relief.

2. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 2 of the Complaint's prayer for relief.

3. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 3 of the Complaint's prayer for relief.

4. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 4 of the Complaint's prayer for relief.

5. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 5 of the Complaint's prayer for relief.

6. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 6 of the Complaint's prayer for relief.

7. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 7 of the Complaint's prayer for relief.

8. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 8 of the Complaint's prayer for relief.

9. Allstate denies that plaintiffs are entitled to the relief they seek in paragraph 9 of the Complaint's prayer for relief.

## DEFENSES

Without conceding that it has the burden of proof as to any of these matters, Allstate submits the following defenses:

## FIRST DEFENSE

### (Failure to Comply with Contract Terms)

The Complaint, and each purported cause of action therein, is barred to the extent that plaintiffs or any insured failed to fully comply with all the terms and conditions of the policy that are necessary for recovery.

## SECOND DEFENSE

### (Failure to Mitigate)

Allstate is informed and believes, and based thereon alleges, that plaintiffs failed to mitigate their damages, if any, alleged or otherwise, and are therefore estopped from making or pursuing any claim thereon.

## THIRD DEFENSE

### (Comparative or Contributory Fault)

Without in any way admitting that plaintiffs were in any way damaged, Allstate is informed and believes, and based thereon alleges, that if plaintiffs were damaged, the damages complained of were proximately caused in whole or in part by the comparative or contributory fault and negligence of plaintiffs and/or their agents and representatives.

## FOURTH DEFENSE

### (Conduct of Third Parties)

Without in any way admitting that plaintiffs were in any way damaged, Allstate is informed and believes, and based thereon alleges, that if plaintiffs were damaged, the damage was caused in whole or in part by the acts of third parties other than Allstate.

## FIFTH DEFENSE

### (Offset/Credit)

In the event there is a finding of damages for plaintiffs, such damages must be offset to the extent plaintiffs received monetary benefits from collateral sources and/or money previously paid by Allstate in satisfaction of the plaintiffs damages, and/or by the amounts plaintiffs owe to Allstate and/or the credits to which Allstate is entitled from plaintiffs.

## SIXTH DEFENSE

### (Material Misrepresentation)

To the extent that plaintiffs or any insured made a material misrepresentation during the claim or in connection with the insurance application, including a misrepresentation about the basis for any costs, and whether the costs were caused by the water loss, the Complaint, and each purported cause of action therein, is barred.

## SEVENTH DEFENSE

### (Condition Precedent)

The Complaint, and each purported cause of action therein, is barred to the extent that plaintiffs failed to perform certain conditions precedent to any obligations or indebtedness that Allstate might otherwise have had toward him.

## EIGHTH DEFENSE

### (Waiver)

Allstate is informed and believes, and based thereon alleges, that plaintiffs, by their actions, knowingly, voluntarily, and willingly waived any rights they may otherwise have had against Allstate.

## NINTH DEFENSE

### (Estoppel)

Allstate is informed and believes, and based thereon alleges, that plaintiffs are estopped from asserting the claims set forth in the Complaint.

## TENTH DEFENSE

### (Unclean Hands)

Allstate is informed and believes, and based thereon alleges, that plaintiffs' claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

### (Exclusions from Coverage)

The Complaint, and each purported cause of action therein, is barred and/or limited by one or more exclusions and limitations contained within the insurance policy issued to plaintiffs.

## TWELFTH DEFENSE

### (Exclusions from "Losses We Do Not Cover" Provision)

Plaintiffs' claims are barred by the Losses We Do Not Cover provision in the Allstate policy, including, but not limited to, the exclusions for damages arising from floods or water, and for those consisting of or caused by wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect, rust or other corrosion, mold, or wet or dry rot.

## THIRTEENTH DEFENSE

### (Exclusions By Endorsements)

Plaintiffs' claims are barred by the exclusions included in the Allstate policy endorsements.

## FOURTEENTH DEFENSE

### (Other Insurance)

Plaintiffs' claims are barred by the "Other Insurance" provision in the Allstate policy, to the extent plaintiffs maintained other insurance coverage.

### FIFTEENTH DEFENSE

### (Proof of Claim)

Plaintiffs' claims are barred because they failed to comply with the Proof of Claim requirements of their Allstate policy, including, but not limited to, the requirement that in the event of the loss, plaintiffs were required to:

> f) as often as we reasonably require . . . show [Allstate] the damaged property.

### SIXTEENTH DEFENSE

### (Action Against Allstate)

Plaintiffs' claims are barred to the extent that plaintiffs failed to comply with the Action Against Allstate provision in the Policy:

> No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage.

### SEVENTEENTH DEFENSE

### (Failure to Cooperate)

The Complaint, and each purported cause of action therein, is barred because plaintiffs failed to cooperate in Allstate's attempts to investigate the claim.

### EIGHTEENTH DEFENSE

### (Right to Appraisal)

The Policy permits Allstate to demand an appraisal to set the amount of the loss, and Allstate hereby reserves its right to demand appraisal pursuant to the terms of the Policy.

### NINETEENTH DEFENSE

### (Due Process)

An award of punitive damages greater than that of compensatory damages would violate Allstate's rights to due process under both the United States Constitution and the California Constitution.

## TWENTIETH DEFENSE

### (Due Process)

Civil Code section 3294 is unconstitutionally vague under the Due Process Clause of the United States Constitution and the California Constitution.

## TWENTY-FIRST DEFENSE

### (Due Process)

Any award of punitive damages based on anything other than Allstate's conduct specific to this lawsuit and/or to plaintiffs would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the California Constitution, because any other judgment for punitive damages in this case cannot protect Allstate against impermissible punishment for the same alleged wrong.

## TWENTY-SECOND DEFENSE

### (Due Process)

Unless both liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTY-THIRD DEFENSE

### (Reservation of Rights)

Allstate reserves the right to allege additional defenses upon the discovery of additional facts or information.

Wherefore Allstate prays for relief as follows:

1. That plaintiffs take nothing by reason of the Complaint;
2. For attorney's fees and costs incurred in the defense of this action; and
3. For such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: November 26, 2019 | | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | By | */s/ Marc J. Feldman* |
| | | PETER KLEE |
| | | MARC J. FELDMAN |
| | | JACK BURNS |
| | | Attorneys for Defendant |
| | | Allstate Insurance Company |