**BARNES & THORNBURG LLP**
David P. Schack (SBN 106288)
david.schack@btlaw.com
Matthew B. O'Hanlon (SBN 253648)
matthew.o'hanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone:  310-284-3880
Facsimile:   310-284-3894

Attorneys for Plaintiffs Alan Baker
and Linda B. Oliver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER, LINDA B. OLIVER;<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, EDWARD CARRASCO, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DKT. NO. 25]** |

**PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DKT. NO. 25]**

Plaintiffs Alan Baker and Linda B. Oliver (collectively, the "Insureds")—through their newly-retained counsel Barnes & Thornburg LLP—submit the following brief response to the Court's minute order dated December 2, 2019 [Dkt. No. 25] solely with respect to the Court's order to show cause why this action should not be dismissed with prejudice.

The Insureds are surprised and appalled by their former counsel Christopher Hook's statements and conduct as reflected in Defendant Allstate Insurance Company's ("Allstate") *ex parte* application for various orders, including an order dismissing this action based upon Mr. Hook's statements and conduct (the "Application"). Declaration of Alan Baker ("Baker Decl.") ¶ 4; Declaration of Linda B. Oliver ("Oliver Decl.") ¶ 4. Mr. Hook did not notify the Insureds about the filing of the Application, and the Insureds only learned about the Application—and Mr. Hook's statements and conduct described therein—through concerned family and friends who saw references to the Application on the internet. *Id.* Furthermore, ***the opposition filed by Mr. Hook to the Application was filed without the Insureds' knowledge or approval***. *Id.*

The Insureds do not condone Mr. Hook's statements or conduct. Baker Decl. ¶ 5; Oliver Decl. ¶ 5. Such statements and conduct do not represent them, were wholly unauthorized, and are in no way acceptable to them. *Id.* During the time Mr. Hook was apparently engaging in this conduct, the Insureds were out of the country as part of a work trip. *Id.* Mr. Hook's statements and conduct have put the Insureds' professional and community reputations that they have worked so hard to achieve at risk. *Id.* Upon learning of Mr. Hook's statements and conduct as reflected in the Application, the Insureds promptly terminated Mr. Hook's representation of them and retained new counsel Barnes & Thornburg LLP to represent them in this action. Baker Decl. ¶ 6; Oliver Decl. ¶ 6.

**PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DKT. NO. 25]**

While district courts have the "inherent power" to control their dockets—which inherent power includes the authority to impose a wide range of sanctions—Ninth Circuit law is clear that dismissal "is a harsh remedy and should only be imposed in 'extreme circumstances.'" *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (1990). With respect to the meaning of "extreme circumstances," the Ninth Circuit has determined that "***[d]ue process limits the imposition of the severe sanctions of dismissal or default to 'extreme circumstances' in which 'the deception relates to the matters in controversy' and prevents their imposition 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case*.'"** *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (emphasis added).

Ultimately, the Insureds should not be subject to the ultimate sanction—dismissal of their *meritorious* claim for insurance coverage—solely because of unauthorized conduct by their former counsel which was wholly unknown to the Insureds and which does not go to the merits of their case. Indeed, while Mr. Hook's conduct is repugnant to the Insureds, such conduct neither relates to substantive matters in controversy nor interferes with the rightful decision of the case. *Fjelstad*, *supra* at 1338. Furthermore, the Insureds have retained new counsel, and there will be no similar issues going forward in this case.

Contrary to Allstate's suggestion in connection with the Application, district courts can and must consider relative fault between attorneys and their clients when considering terminating sanctions. *See Greco v. Stubenberg,* 859 F.2d 1401, 1404 (9th Cir. 1988) ("We also note that as a general rule the district court must consider the relative fault of the client and the attorney" including "whether the conduct giving rise to the dismissal was caused entirely by the party's attorney"); *see also In re Fitzsimmons*, 920 F.2d 1468, 1472, 74 (9th Cir. 1990) ("unless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider

**PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DKT. NO. 25]**

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

relative fault and alternative sanctions"). As above, the circumstances here—while shocking—neither relate to substantive matters in controversy nor interfere with the rightful decision of the case. Alternative sanctions are available to address and deter counsel's conduct directly.[1] It would be unjust under the circumstances here to punish the Insureds with dismissal, the most severe sanction available.

Accordingly, the Insureds respectfully request that the Court discharge the order to show cause re dismissal and allow them to proceed with this action through new counsel.

**BARNES & THORNBURG LLP**

Dated: December 11, 2019        By: /s/ Matthew B. O'Hanlon
                                    David P. Schack
                                    david.schack@btlaw.com
                                    Matthew B. O'Hanlon
                                    matthew.o'hanlon@btlaw.com
                                    Attorneys for Plaintiffs Alan Baker and
                                    Linda B. Oliver

---

[1] Short of dismissal, district courts have various available alternatives including formal reprimand, fines, the temporary suspension of culpable counsel from practice before the court, and preventing a case from going forward unless new counsel is secured. *Hamilton, supra* at 1429. Except in extreme circumstances going to the merits, failure to consider such alternative sanctions can constitute an abuse of discretion leading to reversal of any such dismissal. *Hamilton, supra* at 1430.

3

**PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DKT. NO. 25]**