UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BAKER, LINDA B. OLIVER,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY, EDWARD CARRASCO, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 2:19-cv-08024-ODW-JC<br><br>**[PROPOSED] ORDER ON ALLSTATE'S EX PARTE APPLICATION AND COURT'S ORDER TO SHOW CAUSE, INCLUDING TEMPORARY RESTRAINING ORDER**<br><br>Hon. Otis D. Wright II<br><br>Dept:   First Street Courthouse, Courtroom 5D |

On December 16, 2019 at 1:30 p.m., the Court held a hearing on the Order to Show Cause issued on December 2, 2019 (DKT 25), and on the ex parte application of Defendant Allstate Insurance Company ("Allstate") for an order: (1) dismissing this action, (2) disqualifying Christopher Hook as Plaintiffs' counsel, (3) restraining Mr. Hook from communicating with or approaching Allstate or its attorneys, (4) halting the depositions noticed by Plaintiffs from proceeding, and (5) awarding sanctions against Mr. Hook.

Peter H. Klee and Marc J. Feldman appeared for the moving party, Allstate. Matthew O'Hanlon was present for Plaintiffs Alan Baker and Linda B. Oliver,

pending approval of their request to substitute him as their attorney. Christopher Hook also appeared.

The Court has considered all the papers and oral arguments submitted in support of and in opposition to the ex parte application and in response to the Order to Show Cause – and in particular the Declaration of Peter H. Klee, which attached numerous profanity-laced emails from Mr. Hook to Allstate's counsel threatening physical violence against Allstate's counsel and employees. Based thereon, and good cause existing, the Court ORDERS as follows:

1. **Temporary Restraining Order**. The Court issues a Temporary Restraining Order ("TRO") barring and restraining Christopher Hook from communicating with and/or approaching within 100 feet of any of the persons, places of work, or homes of personnel of Allstate Insurance Company and personnel of Allstate's counsel, Sheppard, Mullin, Richter & Hampton, LLP.

The TRO is issued because Mr. Hook has repeatedly threatened physical violence against Allstate's employees and Allstate's counsel. Thus, immediate and irreparable injury is threatened unless the TRO is issued.

This TRO is issued at _____ a.m./p.m. on December __, 2019.

2. **Order to Show Cause**. The Court further issues an Order to Show Cause ("OSC") why the TRO should not become a preliminary injunction. The hearing on the OSC is set for _____, at _____.

3. **Bond**. To support the TRO, Allstate shall post a bond of $_____ within 7 days of the issuance of the TRO.

4. **Sanctions**. Based upon the amount set forth in the Declaration of Peter H. Klee regarding Allstate's costs, Christopher Hook shall pay sanctions of $42,581 to Allstate. The sanctions shall be paid via certified check mailed to Allstate's counsel, to be received no later than _____.

5. **Disqualification**. The request to disqualify Mr. Hook as counsel for Plaintiffs is Denied as moot. Plaintiffs' request to substitute Matthew O'Hanlon as

their attorney of record and dismiss Mr. Hook as their attorney of record is Granted.

6. **Request for Dismissal**. In light of Plaintiffs' lack of prior knowledge of Mr. Hook's conduct and dismissal of him as their attorney, Allstate's request to dismiss this action is Denied.

7. **Stay**. The stay on depositions is lifted.

IT IS SO ORDERED.

Dated: December ___, 2019

Hon. Otis D. Wright II
United States District Court Judge