Heather L. Rosing, Bar No. 183986
hrosing@klinedinstlaw.com
David M. Majchrzak, Bar No. 220860
dmajchrzak@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707

Attorneys for Christopher Hook

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| ALAN BAKER, LINDA B. OLIVER, | Case No. 2:19-cv-08024-ODW-JC |
|---|---|
| Plaintiffs, | **CHRISTOPHER HOOK'S RESPONSE TO ALLSTATE INSURANCE COMPANY'S REQUEST FOR IMPOSITION OF SANCTIONS** |
| v. | |
| ALLSTATE INSURANCE COMPANY, EDWARD CARRASCO, and DOES 1 through 10, inclusive, | Judge: Hon. Hon. Otis D. Wright II<br>Crtrm.: 5D |
| Defendants. | Trial Date: None set |

## I.
## INTRODUCTION

In the course of settlement negotiations, Christopher Hook engaged in conduct that he acknowledges was uncivil. That conduct arose both from a personal tragedy that Mr. Hook was addressing (see Decl. of Hook, ¶ 4) and how the negotiations had proceeded to that point (Id. at ¶ 5). Mr. Hook has repeatedly apologized for that conduct, which was isolated to these private communications.

Notwithstanding Mr. Hook's conduct, Allstate's response to the situation was also unnecessary. Despite Mr. Hook's contrition, Allstate elected to file an application that was largely moot, save for a request for sanctions based on its filing. In other words, although Mr. Hook's comments in private emails may have led to

1

the termination of his involvement in this litigation, Allstate's response to it was excessive and unnecessary. For that reason, Mr. Hook requests that the Court award Allstate no more than the fees and costs it originally prayed for as part of its ex parte application, $6,370.

## II.
## FACTUAL BACKGROUND

On November 26, 2019, Allstate Insurance Company filed an ex parte application for an order (1) dismissing the action, (2) disqualifying Christopher Hook as counsel for Alan Baker and Linda Oliver, (3) restraining Mr. Hook from communicating with or approaching Allstate or its attorneys, (4) stopping depositions from proceeding, and (5) ordering Mr. Hook to pay sanctions of $6,370, the costs it associated with not only preparing the ex parte papers, but reviewing email correspondence from Mr. Hook. Allstate admits that it did not meet and confer with Mr. Hook regarding its application. If Allstate had done so, the application would not have been necessary.

On December 16, 2019, the Court conducted an order to show cause hearing. During the proceedings, the Court denied dismissal of the action, and determined the disqualification of Mr. Hook and staying depositions were moot issues. The Court acknowledged that Mr. Hook had apologized to defense counsel (ECF no. 44; p. 9:12); and Mr. Hook apologized to the court (*Id.* at 9:19-20) and agreed that he would pay the cost and fees in preparing and appearing for the ex parte application, which Allstate had represented totaled $6,370 (*Id.* at 16:8-12).

Later, Allstate submitted a memorandum claiming fees and costs in excess of $40,000. Not only does a substantial portion of the fees and costs represent conduct that occurred after the ex parte application, but several portions offer no description of how the legal services even relate to Mr. Hook's conduct.

/ / /

/ / /

# III.
# THE COURT WOULD BE JUSTIFIED IN NOT IMPOSING SANCTIONS

In assessing whether to impose monetary sanctions, the Court should consider that Mr. Hook had been dealing with personal issues, and those impacted his judgment how to proceed in email correspondence involving settlement offers.

Further, this was an isolated issue. Mr. Hook effectively began two depositions, which Mr. Hook stipulated to suspend at the request of Allstate's witnesses for reasons unrelated to any of Mr. Hook's conduct. And, likewise, Mr. Hook did not make any improper comments or engage in any improper conduct regarding pleadings, law and motion, or other aspects of this case.

And, as soon as somebody complained to Mr. Hook about his communications, he both apologized and stopped using inappropriate language. When he appeared in Court, Mr. Hook likewise apologized.

# IV.
# THE COURT SHOULD LIMIT THE AMOUNT OF SANCTIONS IMPOSED TO THE AMOUNT ALLSTATE ORIGINALLY REQUESTED

There are significant problems with the memorandum of fees and costs that Allstate submitted. First, Allstate failed to mitigate any issues raised by Mr. Hook's private settlement communications. Among other things, it did not meet and confer to see what issues actually required court intervention, which could have severely limited the time required to address the matter, likely obviating the need for any Court involvement.

Second, the submitted billing information shows a pattern of unreasonable practices, including impermissible block billing, excessively researching issues beyond what would reasonably be required, and duplicative work. A summary and example of problems with the billings set forth in Exhibit 1 are as follows:

- 8.6 hours to read settlement demands (ECF no. 39, Ex. 1, pp. 5-10, 13)

- 7.9 hours to research a 7-page ex parte application (pp. 9-10)
- 16.8 hours to draft the same ex parte application and supporting documents (pp. 9-10)
- 10.0 hours for two lawyers to review opposition papers (p. 11)
- 20.1 hours researching and drafting a reply on the same issues (pp. 12-15)
- 1.7 hours researching what plaintiffs' new counsel's rights—something completely unrelated to the expense of the ex parte application (pp. 15-16)
- 3.7 hours for fees with no description of work done (pp. 14-15)
- 1.8 hours communicating with and reviewing media items—something completely unnecessary for the ex parte application (pp. 15-16)
- 9.0 hours for different lawyers to travel to a 17-minute hearing (p. 17)
- 4.1 hours to prepare for 17-minute hearing (pp.16-17)
- 3.0 hours of tasks that occurred after the last hearing (p. 17)

In short, Allstate acted to incur fees that were excessive in dealing with a situation that could have easily been contained. For that reason, it is appropriate for the Court to limit Allstate to recovering only those fees and costs that are reasonable. Although Mr. Hook believes that reasonable sum is an amount less than the $6,370 Allstate prayed for, he also acknowledges that he agreed to pay that sum at the December 16, 2019 hearing as what he believed and understood was a

1 compromise. For these reasons, should the Court impose monetary sanctions against
2 Mr. Hook, it should impose no more than $6,370.

## V.
## CONCLUSION

Even after Mr. Hook made statements containing foul language, these proceedings were avoidable and unnecessary. And the billings that Allstate has submitted shows that the total amount requested is unreasonable. Mr. Hook has apologized with sincerity. If the Court elects to award sanctions based on fees spent, the amount should be limited to what Allstate initially requested as part of its application, $6,370.

KLINEDINST PC

DATED: January 14, 2020    By: /s/ David Majchrzak
                               Heather L. Rosing
                               David M. Majchrzak
                               Attorneys for Christopher Hook