**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ALAN BAKER et al,<br><br>             Plaintiffs,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY et al,<br><br>             Defendants. | Case No. 2:19-cv-08024-ODW (JCx)<br><br>**ORDER AWARDING IN PART, DEFENDANT'S COSTS AND FEES [40]** |

## I.   INTRODUCTION

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Memorandum of Costs and Fees against Christopher G. Hook ("Hook"), former counsel of Plaintiffs Alan Baker and Linda B. Oliver ("Plaintiffs"). (Mem. of Costs & Fees ("Mem."), ECF No. 40.)  Allstate requests $41,748 in costs and attorneys' fees. (Mem.)  For the reasons discussed below, the Court **AWARDS IN PART** Allstate's Costs and Attorneys' Fees.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2019, Sheppard Mullin, on behalf of its client Allstate, submitted an Ex Parte Application ("Application") seeking (1) dismissal of the case; (2) disqualification of Hook as Plaintiffs' Counsel; (3) a Temporary Restraining Order against Hook; (4) a Protective Order preventing depositions; and (5) Sanctions in the

amount of $6370.  (Ex Parte Appl. ("Appl.") 1, 7, ECF No. 20.)  Allstate's counsel, Peter H. Klee ("Klee"), submitted a declaration indicating that he and Marc Feldman ("Feldman") are the only attorneys who prepared the Application and they billed a total of thirteen hours.  (Decl. of Peter H. Klee ("Klee Decl. I") in Supp. of Appl. ¶ 8, ECF No. 22.)  The Court then ordered the Parties to appear before the Court on December 16, 2019, and show cause why the Court should not levy sanctions against Hook.  (Min. Order, ECF No. 25.)  On December 3, 2019, Hook filed an untimely opposition (Opp'n to Appl., ECF No. 26.), and Allstate replied on December 5, 2019. (Reply to Opp'n, ECF No. 27).

On December 16, 2019, Allstate and its counsel, Plaintiffs and their new counsel, and Hook appeared before this Court on the issue of whether the Court should issue sanctions.  During the hearing, the Court determined that Hook had acted in bad faith and demanded that Hook pay monetary fee sanctions.  (*See generally* Tr. of Hr'g, ECF No. 44.)  Hook accepted and agreed to pay monetary fees to Allstate for its "reasonable costs and fees" associated with its Application.  (Tr. of Hr'g, 16:8–12.) The Court granted monetary fee sanctions against Hook and ordered Allstate to prepare an application for costs and fees up through the hearing date.  (Tr. of Hr'g, 17:7–13; Min. Order, ECF No. 37.)  On December 31, 2019, Allstate filed its Memorandum for Costs and Attorneys' fees in the amount of $41,748, a sharp increase from its initial request of $6370.  (*Compare* Mem 1 *with* Appl. 1.)  The Court now determines the amount of sanctions it shall impose.

### III.   LEGAL STANDARD

A district court has the primary responsibility for controlling the conduct of the attorneys who practice before it.  *Gas-A-Tron of Ariz. v. Union Oil Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir. 1976); *see Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).  When an allegation is made that "an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised." *Gas-A-Tron of Ariz.*, 534 F.2d at 1324–25.  It is the duty of the district court to "examine the

charge, since it is that court which is authorized to supervise the conduct of the members of its bar." *Id*. The courts, as well as the bar, "have a responsibility to maintain public confidence in the legal profession." *Id*. This means that an attorney admitted to the State Bar may be disciplined under the court's inherent power for conduct that violates the State Bar's rules of professional conduct, including conduct that occurs outside court. *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996).

Accordingly, a fee award under the court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party. *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995). Nevertheless, a court may impose attorneys' fees and costs that are necessary to compensate the innocent party, to vindicate the affront to the court, and to ensure that such abuses are not repeated. *Chambers v. NASCO*, 501 U.S. 32, 56–57 (1991); *In re Girardi*, 611 F.3d 1027, 1039, 1067–68 (9th Cir. 2010). Thus, the Court may award attorneys' fees when the interests of justice so requires. *Hall v. Cole*, 412 U.S. 1, 4–5 (1973). Still, the fee award must relate to the "bad faith" conduct involved. *Gen. Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th Cir. 1986).

For an award of monetary sanctions, the Court must determine a reasonable hourly rate multiplied by a reasonable number of hours. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Generally, in assessing attorneys' fees, the court should calculate the "lodestar" figure by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002). After computing the "lodestar," the district court may then adjust the figure upward or downward taking into consideration the twelve "reasonableness" factors.[1] *Id.* Accordingly, the Court may reduce an

---

[1] The twelve reasonableness factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client

1 attorneys' fee award where the documentation is lacking or where the hours billed
2 were excessive, redundant, otherwise unnecessary, or not reasonably expended.
3 *Hensley*, 461 U.S. at 433–34.

## IV. DISCUSSION

On December 16, 2019, the Court determined Hook acted in bad faith by sending numerous profanity-laced emails, using discriminatory epithets, and repeatedly threatening physical violence against Allstate's witnesses, attorneys, and their families purportedly as negotiation tactics. (*See generally* Tr. of Hr'g, 16:8–12.) Accordingly, exercising its inherent powers, the Court ruled that Allstate was entitled to costs and attorneys' fees for bringing its Application. *Chambers*, 501 U.S. at 56–57 (a court may impose attorneys' fees and costs that are necessary to compensate the innocent party). At the hearing, Hook also agreed to pay monetary sanctions. (Tr. of Hr'g 16:8–12.) Accordingly, Allstate now moves for costs and attorney fees in the amount of $41,748. (Mem. 1.) Hook opposes the Memorandum and requests that the Court award Allstate no more than its original request of $6370. (Resp. to Mem. ("Resp.") 2, ECF No. 46.)

### A. Lodestar Analysis

Sheppard Mullin, who represents Allstate, had three attorneys bill on this matter at the following rates and for the following number of hours:

| Peter H. Klee | Partner | $490 | 16.8 hours |
|---|---|---|---|
| Marc J. Feldman | Partner | $490 | 46.8 hours |
| Jack Burns | Partner | $420 | 25.2 hours |
| TOTAL | | | 88.8 hours |

---

or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012).

(Mem. 1–2; *see* Mem. Ex. 1 ("Costs and Fees Records"), ECF No. 40-1.) Accordingly, the lodestar proffered by Sheppard Mullin is $41,748.

"[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (alteration in original). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id*.

  1. *Hours Expended*

Foremost, Klee's initial representation to this Court, made under the penalty of perjury, is that Sheppard Mullin billed 13 hours to bring the Application before this Court and requested $6370 in monetary sanctions. (Klee Decl. I ¶ 8.) Sheppard Mullin now seeks a do-over by asserting that it actually expended 33.2 hours to bring its Application.[2] (Mem. 1–2.) The Court denies Sheppard Mullin's attempt to back door an additional 20.2 hours, which appear punitive, after it represented to the Court it had only spent 13 hours to bring its Application, a representation that the Court relied upon in granting monetary sanctions against Hook. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (holding that attorney fees awarded as a sanction for bad faith conduct must be compensatory rather than punitive in nature). Accordingly, the Court excludes the additional 20.2 hours.

Futher, Sheppard Mullin's Costs and Fees Records include four billing entries that provide no description, merely state "PRIVILEGED," and amount to 3.7 hours.[3] (*See* Costs and Fees Records.) Without more, the Court cannot determine whether the

---

[2] Sheppard Mullin now asserts that Klee billed 4.6 hours, Feldman billed 19.3 hours, and Jack Burns ("Burns") billed 9.3 hours to bring its Application, when it previously asserted that Klee billed 2 hours and Feldman billed 11 hours to bring the Application. (*See* Costs and Fees Records.)

[3] Sheppard Mullin asserts that Klee billed 1.8 hours as privileged, Feldman billed 0.2 hours as privileged, and Burns billed 1.7 hours as privileged. (*See* Costs and Fees Records.)

5

time expenditure is reasonable, and accordingly, the Court finds that Sheppard Mullin is precluded from recovering these hours. *Dubose v. Cty. of Los Angeles*, No. CV 09-7832 CAS (AJWx), 2012 WL 2135293, at *5 (C.D. Cal. June 11, 2012) (holding that counsel is "required to identify the general subject matter of his time expenditures"). Sheppard Mullin also attempts to recover 4.7 billable hours on items that do not necessarily pertain to Allstate's Application, which include researching Plaintiffs' new counsel's rights and reviewing media. Again, the Court finds that these hours were unnecessarily incurred.[4] *Gen. Signal Corp.*, 787 F.2d at 1380 (fee awards must relate to the "bad faith" conduct involved); *Hudson v. Moore Bus. Forms, Inc*., 898 F.2d 684, 687 (9th Cir. 1990) (parties have a duty to mitigate costs).

After reviewing Sheppard Mullin's Costs and Fees Records, the Court finds the hours to be excessive and duplicative. Specifically, Sheppard Mullin engaged in block-billing; for example, five billing entries exceed four-hour blocks. (*See* Costs and Fees Records.) Additionally, although there are only three attorneys billing on this matter, the billing records are riddled with duplicative entries that include reviewing prior filings and case materials. (*See* Costs and Fees Records.) Therefore, the Court finds that a 10% reduction for block billing time entries is warranted and an additional 10% reduction for duplicative entries. *See Forouzan v. BMW of N. Am., LLC*, No. CV-17-3875-DMG (GJSx), 2019 WL 856395, at *5 (C.D. Cal. Jan. 11, 2019); *Pringle v. Adams*, No. CV 10-1656-JLS (RZx), 2014 WL 3706826, at *6 (C.D. Cal. July 23, 2014). Lastly, the court imposes an additional 10% haircut reduction to Sheppard Mullin's fees. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (a "district court can impose a small reduction, no greater than 10 percent a 'haircut' based on its exercise of discretion and without a more specific explanation").

---

[4] Sheppard Mullin asserts that Klee billed 0.6 hours, Feldman billed 3 hours, and Burns billed 1.1 hours on researching Plaintiffs' new counsel's rights and reviewing media. (*See* Costs and Fees Records.)

Accordingly, the Court reduces Klee's billable hours to 8.3, Feldman's billable hours to 24.9, and Burns' billable hours to 9.2.

### 2. *Hourly Rates*

Next, the Court assesses whether the hourly rates charged by counsel are reasonable. To determine whether hourly rates are reasonable, courts may consider whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of S. Cal. IBEW–NECA Pension Plan v. Electro Dynamic Servs.*, CV 07–05691-MMM (PLAx), 2008 WL 11338230, at *5 (C.D. Cal. Oct. 14, 2008). The relevant community is the district in which the adjudicating court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The party seeking attorneys' fees may satisfy its burden of showing that the proposed hourly rate is reasonable by submitting affidavits of counsel or affidavits of other counsel in the relevant community, and by providing case law examples of the relevant community rate. *See id.* at 980–81.

Sheppard Mullin has provided no evidence addressing prevailing market rates and rate determinations in other lawsuits; thus, it has failed to establish a satisfactory market rate for its rates. *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1051 (C.D. Cal. 2014) (the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation); (*see* Decl. of Peter H. Klee ("Klee Decl. II"), ECF No. 40-2) (Klee provided no information to establish his and Feldman's hourly rate). The Court recognizes the time necessary to prepare filings in this matter, but the application and fee request are not particularly complex or laborious. For instance, Sheppard Mullin billed 17.9 hours for travel time and straightforward research, tasks which do not require great litigation skill. (See Costs and Fees Records.) Accordingly, the Court finds the rates sought by attorneys exceeds those

merited given the skill required in the present facts. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees"). Sheppard Mullin has failed to justify why partner Klee and Feldman deserve to bill at a higher rate than Partner Burns. Accordingly, the Court lowers their rates to match Partner Burns.

Having considered the level of skill and advocacy required for the case at issue, the Court deems the following hourly rates appropriate. Further, the following hours billed reflect the above-discussed reductions.

| Peter H. Klee | Partner | $420 | 8.3 hours |
|---|---|---|---|
| Marc J. Feldman | Partner | $420 | 24.9 hours |
| Jack Burns | Partner | $420 | 9.2 hours |
| TOTAL | | | 42.4 hours |

*See Ingram*, 647 F.3d at 928; *see Jameson v. Ford Motor Co.*, No. 2:18-CV-01952-ODW (ASx), 2019 WL 6840758, at *4 (C.D. Cal. Dec. 16, 2019). Accordingly, the Court recalculates the lodestar award to $17,808. Because the parties do not request a multiplier or reduction factor, the Court declines to apply such factor.

Accordingly, the Court **GRANTS** an award of $17,808 in attorneys' fees.

### V. CONCLUSION

For the reasons discussed above, the Court **AWARDS IN PART** Allstate's request for Costs and Attorneys' Fees (ECF No. 40) in the amount of **$17,808.**

**IT IS SO ORDERED.**

February 28, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**